IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Penn, LLC, et al., | : | |
| Plaintiffs, | : | Case No. 2:10-cv-0993 |
| | : | |
| v. | : | Judge Holschuh |
| | : | |
| Prosper Business Development | : | Magistrate Judge Kemp |
| Corporation, et al., | : | |
| | : | JURY DEMAND ENDORSED HEREON |
| Defendants. | : | |

**ANSWER AND COUNTERCLAIM OF DEFENDANT,
PROSPER BUSINESS DEVELOPMENT CORPORATION**

Now comes Defendant, Prosper Business Development Corporation ("PBDC") and for its answer to Plaintiffs' complaint hereby makes the following admissions, denials and averments, to wit:

FIRST DEFENSE

1.     PBDC admits the allegations contained within paragraphs 13, 50, 51 and 52 of Plaintiffs' complaint.

2.     PBDC denies the allegations contained within paragraphs 11, 12, 16, 17, 23, 37-39, 41-49, 53-60, all paragraphs missing that would otherwise constitute paragraphs 61 through 69, 70-83, 86-95, 97-105, 107-110, 112-127, 129–134, 136–141, 144, and 146-151 of Plaintiffs' complaint.

3.     In response to paragraph 1 of Plaintiffs' complaint, PBDC admits that the complaint purports to be a complaint brought by Penn, LLC on its own behalf and derivatively on behalf of BIGresearch, LLC ("BIGresearch"). PBDC denies the remaining allegations of said paragraph.

4.    In response to paragraph 2 of Plaintiffs' complaint, PBDC admits that jurisdiction is proper under 28 USC §1331 for its purported RICO claims and that plaintiff alleges damages in excess of $75,000. PBDC denies that jurisdiction is proper as to claims involving review of BIGresearch books and records, and further denies the remaining allegations of said paragraph.

5.    In response to paragraph 3 of Plaintiffs' complaint, PBDC admits that venue is proper in the Southern District of Ohio under 28 USC §1391, but denies that venue is proper as to claims involving review of BIGresearch books and records. PBDC is without sufficient knowledge or information to admit or deny the remaining allegations contained within said paragraph and accordingly denies the same.

6.    In response to paragraph 4 of Plaintiffs' complaint, PBDC admits that Penn is a Delaware limited liability company. PBDC is without sufficient knowledge or information to admit or deny the remaining allegations contained within said paragraph and accordingly denies the same.

7.    In response to paragraph 5 of Plaintiffs' complaint, PBDC admits that BIGresearch is a Delaware limited liability company with its principal place of business located within the judicial district that comprises the Southern District of Ohio, and that Penn purports to bring this action on its behalf. PBDC denies that this action is properly brought as a derivative action on behalf of BIGresearch.

8.    In response to paragraph 6 of Plaintiffs' complaint, PBDC admits that PBDC is an Ohio corporation with its principal place of business located within the judicial district that comprises the Southern District of Ohio, and that it is the Management Company of BIGresearch. PBDC denies the remaining allegations contained within said paragraph.

9.      In response to the *first* paragraph 7 of Plaintiffs' complaint, PBDC admits that Prosper Technologies, LLC has its principal place of business located within the judicial district that comprises the Southern District of Ohio.  PBDC denies the remaining allegations contained within said paragraph.

10.     In response to the *second* paragraph 7 of Plaintiffs' complaint, PBDC admits that Rist is an officer and director of PBDC, that he is on the Board of Members of BIGresearch, and that he resides within the judicial district that comprises the Southern District of Ohio.  PBDC denies the remaining allegations contained within said paragraph.

11.     In response to paragraph 8 of plaintiffs' complaint, PBDC admits that Drenik is an officer and director of PBDC.  PBDC also admits that he is on the Board of Members of BIGresearch, and resides in the Southern District of Ohio.  PBDC denies the remaining allegations contained within said paragraph.

12.     In response to paragraph 9 of Plaintiffs' complaint, PBDC admits that James E. Arnold & Associates, LPA is a law firm whose principal place of business is located within the judicial district that comprises the Southern District of Ohio.  PBDC denies the remaining allegations of said paragraph.

13.     In response to paragraph 10 of Plaintiffs' complaint, PBDC admits that Arnold is a lawyer and participates in the management of James E. Arnold & Associates, LPA.  PBDC denies the remaining allegations contained within said paragraph.

14.     In response to paragraph 14 of Plaintiffs' complaint, PBDC denies that Penn and Prosper approved the BIGresearch Operating Agreement on October 27, 2000; but admits that Prosper executed the Operating Agreement on October 27, 2000 and Penn executed said Agreement on October 30, 2000.  This answering Defendant further admits that the Operating

Agreement sets forth the numerous provisions regarding the management of BIGresearch, the terms of which speak for themselves. PBDC admits that a true and accurate copy of the Operating Agreement is attached to the complaint as Exhibit A.

15.    In response to paragraph 15 of Plaintiffs' complaint, PBDC denies that BIGresearch was "governed" by a Board of Directors; but admits that, according to Section 5.01 of the Operating Agreement, except as *otherwise* provided in the Operating Agreement the business and affairs of BIGresearch was to be conducted by its Board of Members. PBDC denies all remaining allegations contained within said paragraph.

16.    In response to paragraph 18 of Plaintiffs' complaint, PBDC admits that Penn filed an arbitration petition setting forth certain claims, which claims were partially determined in an arbitration award dated September 15, 2008, the terms of which speak for itself. PBDC admits that Penn attached a copy of the September 2008 arbitration award as Exhibit B to the complaint. PBDC denies all remaining allegations contained within said paragraph.

17.    In response to paragraph 19 of Plaintiffs' complaint, PBDC admits that the arbitrator issued an order on May 5, 2010, the terms of which speak for itself. PBDC admits that Penn attached a copy of the May 5 arbitration order as Exhibit C to the complaint. PBDC denies all remaining allegations contained within said paragraph.

18.    In response to paragraphs 20 and 21 of Plaintiffs' complaint, PBDC states that the terms of the September 15, 2008 arbitration award speaks for itself; and, to the extent any response is required to these paragraphs, denies the allegations contained within them.

19.    In response to paragraph 22 of Plaintiffs' complaint, PBDC admits that the arbitration initiated by Penn remains pending, and that there are multiple state court actions

pending between the parties. PBDC denies all remaining allegations contained within said paragraph.

20. In response to paragraphs 24, 25, 26, 27, 28, 143, and 145 of Plaintiffs' complaint, PBDC states that said paragraphs sets forth legal conclusions to which no response is required; and, to the extent any response is required, denies the allegations contained within said paragraphs.

21. In response to paragraphs 29, 30 and 32 of Plaintiffs' complaint, PBDC admits that BIGresearch and Marketstar entered into a Mutual Confidentiality Agreement ("MCA"), the terms of which speak for themselves. PBDC denies all other allegations contained within said paragraphs.

22. In response to paragraph 31 of Plaintiffs' complaint, PBDC admits that the Mutual Confidentiality Agreement ("MCA") was sent among the parties via facsimile. PBDC denies all other allegations contained within said paragraph.

23. In response to paragraph 33 of Plaintiffs' complaint, PBDC admits that BIGresearch and Marketstar entered into the Consumer Intentions and Actions Video Briefing Subscription Agreement in July 2004, but denies that said agreement was consummated on July 16, 2004.

24. In response to paragraphs 34 and 35 of Plaintiffs' complaint, PBDC admits that Prosper and Marketstar entered into a "Strategic Marketing Alliance Agreement," in July 2004, the terms of which speak for themselves; and, to the extent any further response is required, PBDC denies the remaining allegations of said paragraphs.

25. In response to paragraph 36 of Plaintiffs' complaint, PBDC admits that the Consumer Intentions and Actions Video Briefing Subscription Agreement and the Strategic

Marketing Alliance Agreement were sent among the parties via facsimile and Federal Express. PBDC denies all other allegations contained within said paragraphs.

26.     In response to paragraph 40 of Plaintiffs' complaint, PBDC admits that it caused an arbitration petition to be filed on or about February 2, 2007, the terms of which speaks for itself.  PBDC denies the remaining allegations contained within said paragraph.

27.     In response to paragraph 84 of Plaintiffs' complaint, PBDC admits that ForecastIQ is a software application, but is without sufficient knowledge or information to admit or deny the remaining allegations contained within said paragraph and accordingly denies the same.

28.     In response to paragraph 85 of Plaintiffs' complaint, PBDC admits that ForecastIQ uses selected data, not a database, obtained from BIGresearch, along with data from other sources, but is without sufficient knowledge or information to admit or deny the remaining allegations contained within said paragraph and accordingly denies the same.

29.     In response to paragraph 96 of Plaintiffs' complaint, PBDC admits that it was obligated under the terms of the BIGresearch Operating Agreement to seek and cause the dissolution of BIGresearch, which was initiated in December of 2009.  PBDC denies the remaining allegations contained within said paragraph.

30.     In response to paragraph 106 of Plaintiffs' complaint, PBDC admits that it intends to wind down the affairs of BIGresearch as it is required to do under the BIGresearch Operating Agreement; and denies all remaining allegations contained within said paragraph.

31.     In response to paragraph 111, PBDC incorporates by reference its responses to paragraphs 1 through 110 of Plaintiffs' complaint as if fully restated herein.

32.     In response to paragraph 128, PBDC incorporates by reference its responses to paragraphs 1 through 127 of Plaintiffs' complaint as if fully restated herein.

33.     In response to paragraph 135, PBDC incorporates by reference its responses to paragraphs 1 through 134 of Plaintiffs' complaint as if fully restated herein.

34.     In response to paragraph 142, PBDC incorporates by reference its responses to paragraphs 1 through 141 of Plaintiffs' complaint as if fully restated herein.

35.     PBDC denies all allegations contained within Plaintiffs' complaint not specifically admitted to be true herein.

<u>SECOND DEFENSE</u>

36.     Plaintiffs' complaint fails to state a claim upon which relief may be granted.

<u>THIRD DEFENSE</u>

37.     Plaintiff, BIGresearch's claims are barred by Plaintiffs' utter and complete failure to comply with Fed. R. Civ. P. 23.1.

<u>FOURTH DEFENSE</u>

38.     Plaintiffs' claims are barred by virtue of Plaintiffs' failure/inability to adequately represent the interests of the remaining members of BIGresearch.

<u>FIFTH DEFENSE</u>

39.     Plaintiffs' claims are barred for plaintiffs' failure to comply with Fed. R. Civ. P. 9(b).

<u>SIXTH DEFENSE</u>

40.     Plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel.

SEVENTH DEFENSE

41.     Plaintiffs' claims are barred by the provisions of the BIGresearch Operating Agreement, including, but not limited to, Sections 4.04, 5.01, 5.02, 7.01, 7.02, 8.01, 9.02, 10.01, 10.02, and 12.01 and Exhibit A to said Agreement.

EIGHTH DEFENSE

42.     Plaintiffs' claims are barred, in whole or part, by the doctrine of immunity for statements made in connection with judicial proceedings.

NINTH DEFENSE

43.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

TENTH DEFENSE

44.     This Court lacks subject matter jurisdiction as to one or more of Plaintiffs' claims.

ELEVENTH DEFENSE

45.     Plaintiffs' claims are barred by the satisfaction of all sums presently due and owing under the arbitration award as entered by the November 1, 2010 judgment entry of the Franklin County Common Pleas Court.

WHEREFORE, Defendant, Prosper Business Development Corporation demands that Plaintiffs' complaint be dismissed; that it be awarded its attorneys fees, costs and expenses incurred in defense thereof; and for all and any other relief, whether legal or equitable, that this Court deems just and proper.

**COUNTERCLAIM OF DEFENDANT, PROSPER**
**BUSINESS DEVELOPMENT CORPORATION**

Now comes Defendant, Prosper Business Development Corporation ("PBDC") and for its counterclaims against Plaintiff, Penn, LLC ("Penn") hereby states as follows:

8

## GENERAL FACTUAL ALLEGATIONS

### Jurisdiction

1.     Jurisdiction is proper in the United States District Court for the Southern District of Ohio under 28 U.S.C. § 1332(a)(1) because the matters in controversy in the following counterclaims exceed the sum of $75,000 exclusive of interests and costs, and is between citizens of different states.

### Venue

2.     Venue is proper in the United States District Court for the Southern District of Ohio under 28 U.S.C. § 1391(a)(2) because it is the judicial district in which a substantial part of the events giving rise to these counterclaims occurred.

### Background and the Arbitration

3.     Penn is a Delaware limited liability company with its principal place of business located in Tinley Park, Illinois.

4.     PBDC is an Ohio corporation with its principal place of business in Worthington, Ohio.

5.     Penn and PBDC formed BIGresearch, LLC ("BIGresearch") in October 2000 as a Delaware limited liability company. By agreement, BIGresearch's Operating Agreement was to be interpreted in accordance with Delaware law. At the time of its formation, Penn and PBDC were BIGresearch's only members.

6.     At the time of BIGResearch's formation, Penn claimed to have tens of millions of subscribers to an email newsletter network. As reflected on Exhibit A to the BIGresearch Operating Agreement (attached to Plaintiffs' Complaint as Exhibit A), BIGresearch was formed

to use online interactive research techniques to conduct market surveys of Penn's subscriber base.

7.      Shortly after BIGresearch's formation, PBDC became aware that Penn's subscriber numbers were woefully overestimated. Unbeknownst to PBDC at the time, Penn was also in the business of spamming, which caused internet service providers to block Penn's access to the internet.

8.      By early 2002, BIGresearch could no longer use Penn's network and BIGresearch was also unable to use Penn's subscriber list. As a result, BIGresearch was forced to pay higher costs to use multiple other providers' internet networks.

9.      By late 2002, Penn was no longer making any contribution to BIGresearch business.

10.     In 2004, because of Penn's failure to make the required contributions to BIGresearch, BIGresearch removed Penn as a member of BIGresearch. Thereafter, PBDC continued to spend countless hours developing BIGresearch into a successful business.

11.     As a result of BIGresearch's removal of Penn as a member, Penn demanded arbitration of the issue of whether or not Penn was properly divested of its membership interest in BIGresearch. In December of 2007, Penn and BIGresearch arbitrated, among other issues, (a) whether BIGresearch's removal of Penn was proper, and (b) all claims known or unknown between the parties.

12.     During the course of discovery in the arbitration proceeding, BIGresearch provided numerous documents to Penn, including but not limited to: BIGresearch's general ledger from 2000 to 2008; BIGresearch's tax returns from 2000 to 2008; PBDC's tax returns

from 2000 to 2008; and many other items relating to BIGresearch's operations from 2000 to 2008. Further, depositions of representatives from BIGresearch, PBDC and Penn occurred.

13. The matter proceeded to arbitration, and on September 15, 2008, the arbitrator found that BIGresearch had improperly removed Penn as a member of BIGresearch, and that Penn was entitled to an equal share of all of the distributions paid by BIGresearch to PBDC.

14. To determine the amount of distributions to which Penn was entitled, the arbitrator ordered BIGresearch to hire a special master, at a cost of $75,000, to review the propriety of each and every expense incurred by BIGresearch from 2000 to 2008. The special master determined that all of BIGresearch's expenses from 2000 to 2008 were proper and in the ordinary course of business.

15. After receipt of the Special Master's report, on May 5, 2010 the arbitrator made available to the parties two different methods to equalize BIGresearch's past profit distributions between Penn and PBDC: either PBDC could pay half of BIGresearch's past profit distribution to Penn (amounting to $777,917.13) within 10 days of the arbitrator's order; or BIGresearch could pay Penn the same amount that it distributed to PBDC (amounting to $1,488,000.00).

<u>The Action to Modify or Vacate the Arbitration Award</u>

16. On May 17, 2010, BIGresearch filed a complaint in the Franklin County Common Pleas Court, Case No. 10-CV-7420, seeking to vacate the arbitrator's award. A true and accurate copy of that Complaint is attached as Exhibit 1.

17. Among other things, in Case No. 10-CV-7420, BIGresearch argued that the arbitrator's award must be vacated or modified, because if it paid distributions to Penn as had already been paid to PBDC, BIGresearch would be rendered insolvent; and Delaware Code §18-

607 prohibited a distribution to a member under such circumstances.  Delaware law also made it illegal for Penn to accept such a distribution from BIGresearch.

18.     On November 1, 2010, Judge Frye of the Franklin County Court of Common Pleas agreed with BIGresearch and modified the arbitrator's May 5, 2010 award, allowing PBDC to return half of its past distributions to BIGresearch (with interest), after which BIGresearch was ordered to make a corresponding distribution to Penn.  A true and accurate copy of that Judgment Entry is attached as Exhibit 2.

19.     On November 10, 2010, BIGresearch tendered a check in full satisfaction of Judge Frye's November 2010 order to Penn.  On November 12, 2010, Penn deposited that check into its bank account, in full satisfaction of the November 1, 2010 Judgment Entry.

<u>Penn's Efforts to Obstruct the Orderly Dissolution of BIGresearch</u>

20.     On February 24, 2010, Penn commenced a separate action in the Franklin County Court of Common Pleas in Columbus, Ohio, assigned Case No. 10-CV-2909, seeking relief based upon some of the same allegations raised in this federal court action.  In that case, Penn claimed, among other things, that BIGresearch, PBDC, Gary Drenik ("Drenik") and Phil Rist ("Rist") violated the BIGresearch Operating Agreement, breached fiduciary duties and improperly limited Penn's access to BIGresearch documents.  A true and accurate copy of that complaint (without exhibits) is attached as Exhibit 3.

21.     On November 1, 2010, BIGresearch moved for summary judgment on the issue of the propriety of BIGresearch winding up.  On November 11, 2010, BIGresearch also moved to dismiss Penn's books and records inspection request, because Delaware Code §18-305 vests exclusive jurisdiction of a dispute involving a books and records inspection request of a Delaware limited liability company in the Delaware Court of Chancery.  True and accurate

copies of these motions are attached as Exhibits 4 and 5, respectively. The State court has yet to rule upon those motions.

FIRST CAUSE OF ACTION – ABUSE OF PROCESS

22.     PBDC repeats and reiterates each and every allegation contained in paragraphs 1 through 21 above.

23.     In the fall of 2010, Richard Cochran, then counsel for Penn, sought to settle all of the claims then pending between the parties for a payment of $1.75 million. Cochran further threatened that if BIGresearch refused to pay Penn $1.75 million, that Penn would not only file another (frivolous) action against BIGresearch, PBDC, Drenik, and Rist, but that such a complaint would also include James E. Arnold and his firm, James E. Arnold & Associates, LPA, as defendants.

24.     BIGresearch refused to pay Penn $1.75 million, and soon thereafter Judge Frye entered the November 1, 2010 order reducing the amount required to be paid to Penn from $1,488,000.00 to $702,917.13.

25.     Immediately thereafter and for the reasons set forth in paragraphs 23 and 24 above, Penn filed this action. As a consequence, Penn's complaint was filed and process was issued for an ulterior and improper purpose, to wit: to extract further sums of money from PBDC, to cause damage to PBDC (and the other defendants) in the form of public disparagement and humiliation, to cause PBDC monetary damage relative to the conduct of its other business ventures and to attempt to deprive it of its choice of legal counsel.

26.     By filing this action, Penn illegally, willfully and improperly used process in an attempt to obtain a result not intended by law.

27.     By filing this action, Penn illegally, willfully and improperly perverted the use of process to accomplish a result outside its lawful scope.

28.     As a direct and proximate result of Penn's illegal, willful, improper and perverted use of process, PBDC has suffered injury and damage and continues to suffer injury and damage.

29.     Penn's actions were conducted knowingly, intentionally and maliciously, by reason of which PBDC is entitled to an award of compensatory and punitive damages in amounts not presently known but which shall be prove at trial.

## SECOND CLAIM – BREACH OF FIDUCIARY DUTY

30.     PBDC repeats and reiterates each and every allegation contained in paragraphs 1 through 29 above.

31.     As a member of BIGresearch, Penn owes fiduciary duties to PBDC as well as all other members of BIGresearch.

32.     Section 7.01 of BIGresearch's Operating Agreement requires BIGresearch to indemnify PBDC, Drenik and Rist for all claims and expenses incurred in the defense of any claims brought while they acted on behalf of BIGresearch.

33.     Penn's pursuit of this action, as well as the other misconduct described above, has required BIGresearch to indemnify PBDC, Drenik and Rist for significant legal fees and expenses incurred in defending themselves in this and other actions, which fees and expenses would otherwise have been avoided.

34.     As a direct and proximate result of Penn's intentional misconduct described above, Penn has caused BIGresearch to unnecessarily expend significant sums of money to indemnify PBDC, Rist and Drenik resulting in the squandering and depletion of its corporate

assets; and in doing so Penn has breached its fiduciary duties to PBDC and other members of BIGresearch.

35.     As a direct and proximate result of Penn's breach of fiduciary duties as described above, PBDC has suffered damages in amounts exceeding $200,000; and is further entitled to punitive damages in an amount to be determined at trial.

**WHEREFORE**, Prosper Business Development Corporation demands judgment against Penn, LLC for compensatory damages in excess of $75,000; punitive damages in excess of $75,000; all interest accrued or accruing until judgment is paid in full; costs and attorneys' fees; and for any other relief, whether legal or equitable, which the court deems just and proper.

Respectfully submitted,

James E. Arnold, Trial Attorney (0037712)

JAMES E. ARNOLD & ASSOCIATES, LPA
115 W. Main St., Fourth Floor
Columbus, Ohio 43215
Telephone:     (614) 460-1600
Facsimile:     (614) 469-1066
Email:         jarnold@arnlaw.com

*Counsel for Defendant*
*Prosper Business Development Corporation*

OF COUNSEL:

Damion M. Clifford (0077777)
JAMES E. ARNOLD & ASSOCIATES, LPA
115 W. Main St., Fourth Floor
Columbus, Ohio 43215
Telephone:     (614) 460-1600
Facsimile:     (614) 469-1066
Email:         dclifford@arnlaw.com

## JURY DEMAND

Defendant hereby demands a trial by jury on all counts of Plaintiffs' Claims and Defendant's Counterclaims so triable.

_____

James E. Arnold

## CERTIFICATE OF SERVICE

I hereby certify that on December 20th 2010, I electronically filed the foregoing Answer and Counterclaim of Defendant, Prosper Business Development Corporation with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following parties:

Amelia A. Bower, Esq.
Alvand A. Mokhtari, Esq.
Plunkett Cooney
300 E. Broad St., Suite 590
Columbus, OH 43215
abower@plunkettcooney.com
amokhtari@plunkettcooney.com

*Counsel for Plaintiffs*

Gordon P. Shuler, Esq.
Gordon P. Shuler, Attorney at Law, LLC
145 E. Rich St., Second Floor
Columbus, OH 43215
gshuler@shulerlaw.com

*Counsel for Prosper Technologies LLC,*
*Gary Drenik and Phil Rist*

Dan L. Cvetanovich, Esq.
Bailey Cavalieri LLC
One Columbus
10 W. Broad St., Suite 2100
Columbus, OH 43215-3422
dan.cvetanovich@baileycavalieri.com

*Counsel for James E. Arnold and*
*James E. Arnold & Associates, LPA*

_____

James E. Arnold

16