UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PENN, LLC,**

        Plaintiff,                              Case No. 2:10-cv-993
                                                  JUDGE GREGORY L. FROST
       v.                                        Magistrate Judge Terence P. Kemp

**PROSPER BUSINESS DEVELOPMENT
CORPORATION, et al.,**

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant Prosper Business Development Corporation's ("Prosper") Motion for Sanctions and Request for Evidentiary Hearing (ECF No. 33), Response of Amelia A. Bower, Alvand A. Mokhtari and the Law Firm of Plunkett Cooney ("Plaintiff's Counsel") to Prosper's Motion for Sanctions (ECF No. 40), the Reply Memorandum of Prosper in Support of its Motion for Sanctions, Plaintiff's Counsel's Motion to Quash Subpoena or, in the Alternative, for a Protective Order (ECF No. 38), Prosper's Memorandum in Opposition to Plaintiff's Counsel's Motion to Quash Subpoena or, in the Alternative, for a Protective Order (ECF No. 43), the Reply of Plaintiff's Counsel to Prosper's Memorandum in Opposition to Plaintiff's Counsel's Motion to Quash Subpoena or, in the Alternative, for a Protective Order (ECF No. 48), the Motion of Plaintiff's Counsel for Leave to File Sur-reply *Instanter* to the Reply Memorandum of Prosper in Support of its Motion for Sanctions ("Plaintiff's Counsel's Motion to File Sur-reply") (ECF No. 63.)  For the reasons that follow, the Court **DENIES** Prosper's Motion for Sanctions and Request for Evidentiary Hearing and

1

**DENIES AS MOOT** Plaintiff's Counsel's Motion to Quash Subpoena or, in the Alternative, for a Protective Order and Plaintiff's Counsel's Motion to File Sur-reply.

## I. Background

Plaintiff Penn, LLC ("Penn") filed this action on behalf of itself and derivatively on behalf of BigResearch, LLC ("BigResearch") for restitution and damages. Penn and Prosper created BigResearch, a company that is primarily engaged in the business of market research.

On November 5, 2010, Penn filed the instant action against Prosper, Prosper Technologies, the owners of Prosper and Prosper Technologies Gary Drenik and Philip Rist, and James E. Arnold & Associates, LPA and James E. Arnold ("Law Firm Defendants"). Penn alleges that the defendants engaged in a fraudulently induced scheme in which business opportunities, assets, and revenue of BigResearch were transferred and diverted from BigResearch to Prosper and that the defendants fraudulently concealed evidence of the scheme and conspiracy.

Penn alleged the following claims for relief on behalf of itself and derivatively on behalf of BigResearch: Count One–Corrupt activity and conspiracy to engage in a corrupt activity under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1962 (c) and (d) ("RICO"), which was filed against all of the defendants; Count Two–Fraud/concealment, which was filed against all of the defendants; Count Three–Conversion and unjust enrichment, which was filed against Rist, Drenik, Prosper, and the Law Firm Defendants; and Count Four–Breach of fiduciary duties, which was filed against Rist, Drenik, Prosper, and the Law Firm Defendant.

Prosper filed a combined motion to dismiss and motion for judgment on the pleadings, which addressed Counts One, Two, and Three, and on May 27, 2011, this Court issued an

Opinion and Order that granted in part and denied in part Prosper's combined motion. Prosper has now moved for attorneys' fees and costs related to its defense of the claims that were dismissed. That motion is ripe for review.

On June 20, 2011, the Court scheduled an evidentiary hearing to address Prosper's Motion for Sanctions and Request for an Evidentiary Hearing. (ECF No. 34.) In preparation for the evidentiary hearing, Prosper issued subpoenas to Plaintiff's Counsel. Plaintiff's Counsel has moved to quash those subpoenas or, alternatively, for a protective order. That motion is ripe for review.

After Plaintiff's Counsel filed their Motion to Quash Subpoena or, in the Alternative, for a Protective Order, this Court vacated the evidentiary hearing scheduled on Prosper's Motion for Sanctions and Request for an Evidentiary Hearing and rescheduled that hearing for August 26, 2011. (ECF No. 39.)

On July 25, 2011, Plaintiff's Counsel filed their motion to file a sur-reply.

## II. Motion for Sanctions and Request for Evidentiary Hearing

Prosper requests an award of sanctions in the form of attorneys' fees and costs that were incurred as a result of defending two of the claims Penn filed against it. Prosper moves under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and this Court's inherent authority.

**A. Standards**

**1. Fed. R. Civ. P. 11**

Rule 11 provides in relevant part:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The rule also provides that

> [i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1).

### 2. 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Sixth Circuit has explained that "[w]hile neither bad faith nor conscious impropriety is a prerequisite for sanctions under [this] provision [], *see Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986), the attorney's conduct must 'fall [] short of the obligations owed by a member of the bar to the court and . . ., as a result cause [] additional expense to the opposing party,' [*In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)]." *Bawle v. Rockwell Int'l Corp.*, 79 F.

4

App'x 875, 878 (6th Cir. 2003).  An example of conduct running afoul of the statute would be "where 'an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims.' " *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002) (quoting *Jones*, 789 F.2d at 1230).  *See also Tareco Properties, Inc. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003) (quoting *Jones*, 789 F.2d at 1230).  Inadvertent or negligent conduct are insufficient grounds for the imposition of sanctions.  *Shepherd*, 313 F.3d at 969 (citing *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)).

### 3. Inherent Authority

A court has "the inherent power to sanction a party when that party exhibits bad faith[.]" *Youn v. Track, Inc.*, 324 F.3d 409, 420-21 (6th Cir. 2003) (citing, *inter alia*, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).  "These powers come not from rule or statute but from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' "  *Stalley v. Methodist Healthcare*, 517 F.3d at 911, 920 (6th Cir. 2008) (quoting *Chambers*, 501 U.S. at 43).  "Even if there were available sanctions under statutes or various rules in the Federal Rules of Civil Procedure . . . the inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002).

## B. Analysis

On December 6, 2010, Prosper's counsel sent a letter to counsel for Penn indicating that the letter's purpose was "to comply with Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 and provide notice" that if Plaintiff did not dismiss this lawsuit, Prosper would "seek sanctions consisting of

all fees and expenses incurred in the defense of this matter[.]" (ECF No. 33-1 at 9.) Prosper's counsel wrote:

> Sanctions are warranted here because virtually the *entire* complaint is frivolous under Fed. R. Civ. P. 11; there is not even a portion of the complaint that does not violate one or more of its provisions because there is no reasonable basis in fact or law that can remotely support them.

*Id.* at 10 (emphasis in original).

Prosper now argues that, based on this Court's Opinion and Order in which it concluded that Penn had failed to state a plausible corrupt activity claim under RICO and failed to state a plausible fraud claim under Ohio law, it is entitled to its attorneys' fees and costs associated with defending those two claims. Prosper contends that Penn filed its claims against Prosper for the improper purpose of gaining leverage in other litigation currently pending between these parties. Prosper's arguments are not well taken.

First, the Court notes that Prosper mischaracterizes the nature of this Court's decision on Prosper's combined motion to dismiss and motion for judgment on the pleading. Prosper contends that "as so found by this Court's May 27 Opinion and Order dismissing such claims, Penn and Penn's Counsel asserted the RICO and fraud claims against [Prosper] without any basis in law, without any good faith extension of existing law, and without any evidentiary support." (ECF No. 33 at 3.) This Court, however, found no such thing. Instead, the Court concluded that Penn's fraud and RICO claims could not survive a motion to dismiss for failure to state a claim upon which relief could be granted and that, with regard to pleading specifically the predicate acts of mail and wire fraud the allegations fell far short. However, the Court did not find that Penn's RICO and fraud claims did not have any basis in law nor did the Court find that Penn's allegations were void of any evidentiary support. The Court merely found that Penn's

6

fraud and RICO claims were not pleaded with the requisite specificity required by Rule 9, and thus, could not survive a Rule 12(b)(6) motion.

Second, had Penn withdrawn the *entire* complaint as requested in Prosper's Rule 11 notice letter, Penn would have foregone the claims that this Court found were plausible. Specifically, the Court concluded "that [Penn has] stated plausible claims for relief for unjust enrichment and conversion against Prosper." (ECF No. 31 at 29.)  Moreover, the Court found that Penn sufficiently alleged a derivative action on behalf of BigResearch.

In the briefing the parties argue about whether there was a factual basis upon which to bring the fraud and RICO claims, whether Penn's counsel conducted sufficient factual investigation and legal research, whether Penn should have dismissed this action after the Rule 11 notice letter, and whether Penn's counsel filed this action for an improper purpose.  The Court finds that the parties' disagreements are simply traditional disputes over what the evidence shows and how to apply the law.  Further, there is no evidence before the Court that tends to show that Penn's counsel acted with improper purpose.  Indeed, as just stated, the Court has already determined that some of the claims filed by Penn are plausible.

Accordingly, the Court **DENIES** Prosper's Motion for Sanctions and Request for Evidentiary Hearing and **VACATES** the evidentiary hearing that is scheduled on that motion.

### III.  Motion to Quash Subpoena or, in the Alternative, for a Protective Order

Prosper issued subpoenas to Plaintiff's Counsel in preparation for the evidentiary hearing that was scheduled on Prosper's Motion for Sanctions and Request for Evidentiary Hearing. Plaintiff's Counsel have moved to have the subpoenas quashed or for protection from the subpoenas.  Based on this Court's determination *supra*, and the vacation of the evidentiary

hearing, Plaintiff's Counsel's Motion to Quash Subpoena or, in the Alternative, for a Protective Order has been rendered moot. Therefore, the Court **DENIES AS MOOT** Plaintiff's Counsel's Motion to Quash Subpoena or, in the Alternative, for a Protective Order.

## IV.  Motion to File Sur-reply

Plaintiff's Counsel has moved to file a sur-reply to Prosper's reply memorandum in support of its motion for sanctions. The Court, however, finds it unnecessary to analyze the sanctions issue any further, and therefore **DENIES AS MOOT** Plaintiff's Counsel's motion.

## V.  Conclusion

For the reasons set forth above, the Court **DENIES** Prosper's Motion for Sanctions and Request for Evidentiary Hearing (ECF No. 33), **VACATES** the evidentiary hearing that is scheduled on that motion (ECF No. 39), **DENIES AS MOOT** Plaintiff's Counsel's Motion to Quash Subpoena or, in the Alternative, for a Protective Order (ECF No. 38), and **DENIES AS MOOT** Plaintiff's Counsel's Motion to File Sur-reply (ECF No. 63).

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**