UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PENN, LLC, et al.,

        Plaintiffs,                        Case No. 2:10-cv-993
                                            JUDGE GREGORY L. FROST
        v.                                      Magistrate Judge Terence P. Kemp

PROSPER BUSINESS DEVELOPMENT
CORPORATION, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendants James E. Arnold & Associates, LPA and James E. Arnold's ("Law Firm Defendants") Motion for Sanctions Against Amelia A. Bower, Alvand A. Mokhtari and the Law Firm of Plunkett Cooney ("Plaintiffs' Counsel") (ECF No. 37), the Amended Response of Plaintiffs' Counsel to the Law Firm Defendants' Motion for Sanctions (ECF No. 64), the Law Firm Defendants' Reply Memorandum in Support of the Motion for Sanctions Against Plaintiffs' Counsel (ECF No. 68), the Motion of Plaintiffs' Counsel to File a Sur-Reply *Instanter* to the Reply Memorandum of the Law Firm Defendants' in Support of their Motion for Sanctions (ECF No. 69), and the Law Firm Defendants' Memorandum in Opposition to Plaintiffs' Counsel's Motion to File a Sur-Reply *Instanter* to the Reply Memorandum of the Law Firm Defendants' in Support of their Motion for Sanctions (ECF No. 71). For the reasons that follow, the Court **DENIES** the Law Firm Defendants' motion and **DENIES AS MOOT** Plaintiffs' Counsel's motion.

1

## I. Background

On November 5, 2010, Plaintiff Penn, LLC ("Penn") filed this action on behalf of itself and derivatively on behalf of BigResearch, LLC ("BigResearch") for restitution and damages. Plaintiffs named as defendants the Law Firm Defendants, Prosper Business Development Corp. ("Prosper"), Prosper Technologies, the owners of Prosper and Prosper Technologies Gary Drenik and Philip Rist. Penn alleged that the defendants engaged in a fraudulently induced scheme in which business opportunities, assets, and revenue of BigResearch were transferred and diverted from BigResearch to Prosper and that the defendants fraudulently concealed evidence of the scheme and conspiracy.

Penn alleged the following claims for relief on behalf of itself and derivatively on behalf of BigResearch: Count One–Corrupt activity and conspiracy to engage in a corrupt activity under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1962 (c) and (d), which was filed against all of the defendants; Count Two–Fraud/concealment, which was filed against all of the defendants; Count Three–Conversion and unjust enrichment, which was filed against Rist, Drenik, Prosper, and the Law Firm Defendants; and Count Four–Breach of fiduciary duties, which was filed against Rist, Drenik, Prosper, and the Law Firm Defendants.

The Law Firm Defendants filed a motion to dismiss all of the claims filed against them, and on May 27, 2011, this Court issued an Opinion and Order that granted that motion. The Law Firm Defendants have now moved for attorneys' fees and costs related to their defense of the claims that were dismissed. That motion is ripe for review.

On August 9, 2011, Plaintiffs' Counsel filed their motion to file a sur-reply *instanter* and the Law Firm Defendants filed their memorandum in opposition to that motion.

## II. The Law Firm Defendants' Motion for Sanctions

### A. Standard

The Law Firm Defendants move for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The rule also provides that

> [i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1).

This Court also has "the inherent power to sanction a party when that party exhibits bad faith[.]" *Youn v. Track, Inc.*, 324 F.3d 409, 420-21 (6th Cir. 2003) (citing, *inter alia*, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). "These powers come not from rule or statute but from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and

expeditious disposition of cases.' " *Stalley v. Methodist Healthcare*, 517 F.3d at 911, 920 (6th Cir. 2008) (quoting *Chambers*, 501 U.S. at 43). "Even if there were available sanctions under statutes or various rules in the Federal Rules of Civil Procedure . . . the inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002).

**B.  Discussion**

The Law Firm Defendants move for sanctions in the form of attorneys' fees incurred in defending against this lawsuit. Plaintiffs' Counsel contends that the Law Firm Defendants' motion was untimely and, even if it were not, it is without merit. The Law Firm Defendants claim that their motion was not untimely filed and that they are entitled to sanctions because Plaintiffs' Counsel asserted the claims against the them for an improper purpose, and that the claims were not warranted by existing law or by an extension of existing law and lacked evidentiary support. The Law Firm Defendants' arguments are not well taken.

The Law Firm Defendants argue that Plaintiffs' Counsel filed this lawsuit against them for the express purpose of attempting to improperly coerce a settlement of various other state court lawsuits on terms more favorable to Penn. The Law Firm Defendants rely upon a conversation between Penn's Illinois counsel Richard J. Cochran and Attorney Arnold wherein Cochran allegedly attempted to improperly coerce Arnold. Attorney Cochran denies any wrongdoing. However, even if Attorney Arnold's rendition of the discussion is accurate, and those facts did indicate that Cochran was attempting to extort or improperly coerce Arnold, Cochran was acting on behalf of Penn not on behalf of Plaintiffs' Counsel. The Law Firm Defendants have not moved for sanctions against Penn or against Cochran, but instead against

Plaintiffs' Counsel.  Plaintiffs' Counsel was not involved in any way in the alleged improper behavior.

The remainder of the Law Firm Defendants' arguments are that the claims filed against them were not warranted by existing law or by an extension of existing law and lacked evidentiary support.  While the Court agrees that the allegations against them were particularly deficient, they were not so deficient as to necessitate sanctions for their filing.  As another Judge in this District has observed:

> Despite th[e] broad authority [provided in Rule 11], this Court has long subscribed to the notion that sanctions should be imposed for persisting in a claim after its meritlessness becomes obvious, rather than for merely pleading a claim that eventually proves to be meritless.

*Shuttlesworth v. Housing Opportunities Made Equal*, 873 F. Supp. 1069, 1082 (S.D. Ohio 1994).

That being said, the Court finds that this case presents a close call.  Indeed, Plaintiffs' Counsel is cautioned to evaluate their potential cases more carefully.  Much of Plaintiffs' Counsel's assessment of the complained of behavior sounds in violations of ethical rules, which are not properly filed as claims of fraud.  (ECF No. 64 at 17-  ) (representing Prosper and BigResearch is an unwaivable conflict; knowing that Penn did not consent to the Law Firm Defendants' engagement on behalf of BigResearch).

Because of the Court's determination as to the merits of the Law Firm Defendants' Motion for Sanctions, it is unnecessary to address the somewhat unsettled issue of whether the motion was timely under Rule 11.  *Compare Ridder v. Springfield*, 109 F. 3d 288, 295 (6th Cir. 1997) ("A party must now serve a Rule 11 motion on the allegedly offending party at least twenty-one days prior to conclusion of the case or judicial rejection of the offending contention.") *with Powell v. Squire, Sanders & Dempsey*, No. 98-3668; 98-3670, 1999 U.S. App.

LEXIS 16854, at *7-8 (6th Cir. July 16, 1999) (Rule 11 motion filed by a defendant after the trial court dismissed the action was timely; "[t]he determination in *Ridder* that the motion was required to be filed with the court prior to adjudication of the case was unnecessary . . . is dicta and not binding on this court" ).

### III.  Plaintiffs' Counsel's Motion to File Sur-Reply *Instanter*

Plaintiffs' Counsel has moved to file a sur-reply to the Law Firm Defendants' reply memorandum in support of their motion for sanctions.  The Court, however, finds it unnecessary to analyze the sanctions issue any further, and therefore **DENIES AS MOOT** Plaintiffs' Counsel's motion.

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** the Law Firm Defendants' Motion for Sanctions Against Plaintiffs' Counsel (ECF No. 37) and **DENIES AS MOOT** the Motion of Plaintiffs' Counsel to File a Sur-Reply *Instanter* to the Reply Memorandum of the Law Firm Defendants' in Support of their Motion for Sanctions (ECF No. 69).

**IT IS SO ORDERED.**

>/s/ Gregory L. Frost
>**GREGORY L. FROST**
>**UNITED STATES DISTRICT JUDGE**