UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PENN, LLC, et al.,

        Plaintiffs,                      Case No. 2:10-cv-993
                                            JUDGE GREGORY L. FROST
      v.                                Magistrate Judge Terence P. Kemp

PROSPER BUSINESS DEVELOPMENT
CORPORATION, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Partial Dismissal of Claims Without Prejudice (ECF No. 52), Defendants Phil Rist's and Gary Drenik's Memorandum Opposing Plaintiffs' Motion for Partial Dismissal of Claims Without Prejudice (ECF No. 55), Defendants Phil Rist's and Gary Drenik's Motion for Judgment on the Pleadings (ECF No. 56), the Response of Plaintiffs to the Motion of Phil Rist and Gary Drenik for Judgment on the Pleadings (ECF No. 70), the Reply Memorandum of Defendants Phil Rist and Gary Drenik to Plaintiffs' Response to the Motion of Phil Rist and Gary Drenik for Judgment on the Pleadings (ECF No. 73), and Defendant Prosper Technologies, LLC's Motion to Dismiss (ECF No. 74).  For the reasons that follow, the Court **DENIES** Plaintiffs' Motion for Partial Dismissal of Claims Without Prejudice, **GRANTS** Defendants Phil Rist's and Gary Drenik's Motion for Judgment on the Pleadings, and **GRANTS** Defendant Prosper Technologies, LLC's Motion to Dismiss.

## I.  Background

Unless otherwise indicated, the allegations in this section were taken from the complaint and the exhibits attached to or referred to in the complaint.

Plaintiff Penn, LLC ("Penn") filed this action on behalf of itself and derivatively on behalf of BigResearch, LLC ("BigResearch") for restitution and damages.  Plaintiff BigResearch is a Delaware limited liability company primarily engaged in the business of market research. Plaintiff Penn and Defendant Prosper created BigResearch.

In October 2000, Penn and Prosper entered into an Operating Agreement that would control the affairs of BigResearch.  The "day to day" management of the business and affairs of BigReseach was delegated to Prosper and the other decisions were delegated to BigResearch's Board of Members ("Board").   (ECF No. 2.1 at 4-5; Operating Agreement §§ 5.01 and 5.02.) That Board consisted of three individuals:  two representatives of Prosper and one representative of Penn.  *Id.*  Prosper's representatives were Gary Drenik and Philip Rist, owners of Prosper and Prosper Technologies, LLC ("Prosper Technologies").

When formed, BigResearch was owned equally by Penn and Prosper.  After its inception, BigResearch sold 5.22% ownership equity to outside investors such that Penn and Prosper were diluted to each owning 47.39% of BigResearch.  At some point, Prosper purchased some of the outside investors' stock, making it currently the holder of 50.71% of BigResearch's stock.  Penn alleges that it should have been permitted to purchase some of the outside investors' stock.  In its briefing, Prosper explains that one outside investor, Robert Kamerschen, remained a 1.9% equity holder.

The relationship between Penn and Prosper deteriorated and in 2004 BigResearch's

Board passed several resolutions, including one that removed Penn as a member and divested Penn of its ownership interest in BigResearch.  Penn believed these actions were illegal and on May 6, 2004, Penn submitted a demand for arbitration to BigResearch.

In the month prior to Penn's arbitration demand, April 2004, BigResearch entered into a business relationship with MarketStar Corporation ("MarketStar").  That relationship ultimately deteriorated and on February 2, 2007, Drenik and Rist, acting on their own behalf and through their company Prosper, filed a notice of arbitration based on the contractual relationship with MarketStar.  The parties then arbitrated the dispute ("MarketStar Arbitration").

On April 9, 2007, Defendant Prosper engaged James E. Arnold & Associates, LPA and James E. Arnold ("Law Firm Defendants") to represent it in connection with the MarketStar Arbitration.  During the arbitration, Drenik, Rist, and the Law Firm Defendants allegedly represented that "BigResearch and Prosper were one in the same."  (ECF No. 2 ¶ 41.)  As a result of the arbitration, Prosper was awarded $4,750,000 on January 23, 2009 ("MarketStar Arbitration Award").  This award was confirmed by the Common Pleas Court of Franklin County, Ohio on September 4, 2009 and a judgment was entered in favor of Prosper against MarketStar in the amount of $4,750,000.

Penn alleges that the business opportunity from which the MarketStar Arbitration Award and judgment arose belonged to BigResearch, not Prosper.  Penn avers that Drenik, Rist, Prosper, and the Law Firm Defendants concealed from Penn the business opportunity from which the MarketStar Arbitration Award came.  Penn alleges that Drenik, Rist, and Prosper fraudulently self-dealt in prosecuting the MarketStar Arbitration on behalf of Prosper, rather than on behalf of BigResearch.  Penn further alleges that Drenik, Rist, and Prosper paid their legal

expenses incurred in pursuing the MarketStar Arbitration from BigResearch.

The arbitration requested by Penn in May 2004 did not come on for a hearing until May 2008. The arbitrator issued his initial arbitration award on September 15, 2008. In that award, the arbitrator agreed with Penn that several resolutions of BigResearch's Board had no legal force, including the resolution that divested Penn of its ownership interest in BigResearch and removed Penn's representative from BigResearch's Board. The Penn arbitrator ordered BigResearch to pay Penn its proportionate distributions that BigResearch had paid to other members during the period that Penn was improperly divested of its membership interest. The arbitrator appointed a Special Master to determine the amount BigResearch owed to Penn. The Special Master's report was completed in November 2009 and submitted to the arbitrator.

In December 2009, BigResearch's Board voted two-to-one to allow 1.9% equity holder Kamerschen to withdraw from BigResearch, with Drenik and Rist voting to allow withdraw and Penn's representative voting to prohibit withdraw. Once Kamerschen was removed, the Board voted on dissolution of BigResearch. In another two-to-one vote that mirrored the Kamerschen withdraw vote, Drenik and Rist voted to dissolve BigResearch and Penn's representative voted against dissolution. Prosper then initiated the process of dissolving BigResearch.

On February 24, 2010, Penn filed suit in the Court of Common Pleas in Franklin County, Ohio, to enjoin the dissolution and winding up of the affairs of BigResearch and requested an order requiring BigResearch to turn over all of its business books for an accounting. *See Penn LLC v. BigResearch*, No. 10-CV-2909. The Court takes judicial notice of that lawsuit. Penn named as defendants in the lawsuit, BigResearch, Prosper, Rist, and Drenik.

On May 5, 2010, the arbitrator of the Penn Arbitration issued a decision awarding Penn

4

$1,488,000 in distributions from BigResearch ("Penn Arbitration Award"). On May 17, 2010, BigResearch filed an action in the Franklin County Court of Common Pleas, requesting vacation and/or modification of the Penn Arbitration Award. *See BigResearch v. Penn LLC*, No 10-CV-7420. The Court takes judicial notice of that lawsuit. On November 1, 2010, the court issued a judgment entry modifying the Penn Arbitration Award to $777,917.13. In their briefing before this Court, Defendants asserts that BigResearch paid this amount to Penn on November 10, 2010.

On November 5, 2010, Penn filed the instant action against Prosper, Prosper Technologies, Rist, Drenik, and the Law Firm Defendants. Penn alleged that Defendants engaged in a fraudulently induced scheme in which business opportunities, assets, and revenue of BigResearch were transferred and diverted from BigResearch to Prosper and that Defendants fraudulently concealed evidence of the scheme and conspiracy. Penn alleged the following claims for relief:

Count One: Corrupt activity and conspiracy to engage in a corrupt activity under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1962 (c) and (d) ("RICO"), which is filed against all defendants;

Count Two: Fraud/concealment, which is filed against all defendants;

Count Three: Conversion and unjust enrichment, which are filed against Rist, Drenik, Prosper, and the Law Firm Defendants; and

Count Four: Breach of fiduciary duties filed against Rist, Drenik, Prosper, and the Law Firm Defendants;

The Law Firm Defendants filed a motion to dismiss all of the claims filed against them and Prosper filed a combined motion to dismiss and motion for judgment on the pleadings,

which addresses Counts One, Two, and Three.

On May 27, 2011, this Court granted the Law Firm Defendants' motion to dismiss and granted in part and denied in part Prosper's combined motion to dismiss and motion for judgment on the pleadings. Specifically, the Court granted Prosper's motion as it related to the RICO and fraudulent concealment claims and denied it as it related to the conversion and unjust enrichment claims and as it related to Penn's ability to act as a derivative plaintiff on behalf of BigResearch on any of the remaining claims.

On July 15, 2011, Plaintiffs filed their motion for partial dismissal. On July 21, 2011, Rist and Dreik filed their motion for judgment on the pleadings, and on August 24, 2011, Prosper Technologies filed its motion to dismiss. All three of these motions are ripe for review.

## II. Standards

### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (clarifying the plausibility standard articulated in Twombly). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . .' *Twombly*, 550 U.S. at 555. "The court must 'accept all the . . . factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[].' "

*Louisville/Jefferson County Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 384 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

**B.  Fed. R. Civ. P. 12(c)**

The Court reviews motions made under Rule 12(c) of the Federal Rules of Civil Procedure in the same manner it would review a motion made under Rule 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006).  Accordingly, to survive a defendant's motion for judgment on the pleadings, the plaintiff's complaint must state a claim to relief that is plausible on its face, as explained in more detail above. *See Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929; *Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868.

### III.  Discussion

Plaintiffs request that this Court dismiss without prejudice all claims against Prosper Technologies and the RICO and fraud claims against Defendants Drenik and Rist.  Plaintiffs purport to move under Rule 42(a)(2) of the Federal Rules of Civil Procedure.  As Defendants correctly point out, however, Rule 41(a) is only available to dismiss entire actions, not single claims.  *See Barrientos v Ut-Battelle, LLC*,  284 F. Supp.2d 908, 916 (S.D. Ohio 2003) and *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265-66 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008).

Recognizing this error, Plaintiffs, in their memorandum in opposition to Rist's and Drenik's motion for judgment on the pleadings, ask the Court to construe their request to dismiss without prejudice as a motion to amend under Rule 15(a) of the Federal Rules.  In Rist's and Drenik's reply memorandum in support of their motion for judgment on the pleadings, they

7

suggest that now that Plaintiffs have now recognized the defective procedure chosen by them to attempt to effectuate a dismissal of some but not all claims, Plaintiffs should proceed under Rule 15(a) to request an amendment to the complaint, which Rist and Drenik would then timely oppose.  Indeed, Plaintiffs were granted permission to file a motion to amend the complaint by September 30, 2011 in the Court's Amended Memorandum of First Pretrial Conference.  (ECF No. 65.)  This Court agrees with these two defendants' assessment.

At this point in this litigation, the proper procedure for Plaintiffs to effectuate dismissal of some but not all of the claims is to file a motion under Rule 15(a).  Plaintiffs, however, have apparently decided to not so move since they filed no such motion by the permitted filing date.

As to Rist's and Drenik's motion for judgment on the pleadings, the Court finds it well taken.  For the same reasons this Court explained in its Opinion and Order dismissing Plaintiffs' RICO and fraud claims filed against Prosper, these claims too cannot survive against Rist and Drenik.  The Court hereby incorporates that Opinion and Order, ECF No. 31, dismissing the RICO and fraud claims against Prosper and dismisses those two claims against Rist and Drenik for the reasons explained therein.

As to Defendant Prosper Technologies motion to dismiss, it requests dismissal of the only two claims filed against it, *i.e.*, RICO and fraud, for the same reasons the Court dismissed those claims against Prosper.  The Court finds Prosper Technologies' motion well taken.  The Court hereby incorporates its Opinion and Order, ECF No. 31, dismissing the RICO and fraud claims against Prosper and dismisses those two claims against Prosper Technologies for the reasons explained therein.

## IV.  Conclusion

For the reasons set forth above, the Court **DENIES** Plaintiffs' Motion for Partial Dismissal of Claims Without Prejudice (ECF No. 52), **GRANTS** Defendants Phil Rist's and Gary Drenik's Motion for Judgment on the Pleadings (ECF No. 56), and **GRANTS** Defendant Prosper Technologies, LLC's Motion to Dismiss (ECF No. 74).  The Clerk is **DIRECTED** to **DISMISS** Prosper Technologies, LLC as a defendant in this action.

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**