UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PENN, LLC, et al.,

        Plaintiffs,                      Case No. 2:10-cv-0993
                                                  JUDGE GREGORY L. FROST
       v.                                    Magistrate Judge Terence P. Kemp

PROSPER BUSINESS DEVELOPMENT
CORPORATION, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court upon (1) the sealed motion of Plaintiffs Penn, LLC ("Penn") and BigResearch, LLC ("Big Research") for an order lifting the "attorneys eyes only" designation with respect to certain documents (ECF No. 153), (2) Defendant Prosper Business Development Corporation's ("Prosper") memorandum contra (ECF No. 159), and (3) Plaintiffs' reply in support of their motion (ECF No. 163). For the reasons set forth below, Plaintiffs' motion is **GRANTED**.

**I.  Background**

A general background of this case and its procedural history appears in Magistrate Judge Kemp's Opinion and Order of August 20, 2012, and need not be repeated here. (Opinion and Order, ECF No. 135.)  *See Penn, LLC v. Prosper Bus. Dev. Corp.*, No. 2:10-cv-993, 2012 U.S. Dist. LEXIS 117067 (S.D. Ohio Aug. 20, 2012).  The matter before the Court now is yet another discovery dispute, this one surrounding Defendants' designation of documents as "Attorneys Eyes Only" ("AEO") pursuant to the terms of the parties' Agreed Protective Order.

In the August 20th order, Magistrate Judge Kemp granted in part Plaintiffs' motion to compel and ordered Defendants to produce various documents under the terms set forth in his

1

Order. *See id.* On September 11, 2012, Defendants produced documents pursuant to the Order. According to Plaintiffs, Defendants produced approximately 5,100 pages of documents designated AEO pursuant to paragraph 2 of the parties' Agreed Protective Order. Under paragraph 2 of the Agreed Protective Order, a party may designate material as AEO as follows:

> A party or producing third party may designate material as "Attorneys Eyes Only" that it believes in good faith includes or constitutes confidential or proprietary information of the producing party (or of a third party where the producing party is under a duty to maintain the information in confidence) which, if disclosed to the requesting party, would likely result in serious injury or harm to the producing party's or a third party's business or personal interest. "Attorneys Eyes Only Material" shall refer to all deposition testimony and transcripts, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery materials, and all copies thereof, which the disclosing Party designates as "Attorneys Eyes Only" pursuant to this Order. "Attorneys Eyes Only Material" shall also refer to documents, deposition testimony and transcripts and discovery material previously produced in discovery in the Arbitration, to the extent such material was designated as "Attorneys Eyes Only" therein.

(Agreed Protective Order ¶ 2, ECF No. 100.)

Plaintiffs move to lift the AEO designation as to the documents identified as PB 010826, PB 010891, PB 010907, PB 033216-033446, PB 034085-034094, PB 034472-039580, CRP000001-000033, BAX 000001-000078, and JEA 000001-000007. (Pls.' Mot. 10, ECF No. 153.) Generally speaking these documents fall into the following categories:

- The Operating Agreement of Consumer Research Partners LLC;
- Attorney bills for services rendered on behalf of Defendant Prosper;
- Various Prosper Transaction Reports;
- A spreadsheet of attorney's fees paid by Big Research;
- Statements of Work relating to Wal-Mart;
- Copies of checks from Wal-Mart payable to Prosper and Big Research for services performed;

2

- Custom Survey Agreements and license agreements that show Big Research as the contracting party or licensor;

- Invoices for Big Research clients;

- Copies of checks issued by Big Research to Prosper;

- Invoices issued to Big Research, including invoices issued by Big Research by Prosper;

- A record of a payment from Prosper to Big Research for the "Purchase of All Fixed Assets from Big Research;

- A Big Research balance sheet; and

- Prosper invoices to third parties for access to Big Research databases.

(*Id.* at 5-7.)

Plaintiffs contend that there is no basis for these documents to be designated AEO. Plaintiffs take particular issue with the AEO designation applied to documents issued to Big Research, from Big Research, or referencing Big Research. In light of the fact that Penn is an owner of Big Research, Plaintiffs contend that they (and not just their attorneys and consultants) should have access to these documents in order to help their counsel assess the relationship of these records to the claims in this lawsuit.

In trying to lift the AEO designation attached to the challenged documents, Plaintiffs invoke Paragraph 7 of the Agreed Protective Order, which provides:

> If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential or Attorney Eyes Only Material, that Party shall nevertheless treat and protect such material in accordance with this Order until and unless all Parties shall have agreed in writing, or an order of the Court shall have been entered and become enforceable which provides that such challenged Confidential or Attorney Eyes Only Material may be used or disclosed in a manner different from that specified in this Order. In the event of such a disagreement, the Party challenging the designation will have the burden of pursuing any relief desired, but the Party asserting the

3

> designation shall bear the burden of justifying the appropriateness of and/or need for the designation.

(ECF No. 100.)

Plaintiffs argue that Prosper has inappropriately designated the challenged documents as AEO and, in doing so, has shielded documents that Plaintiffs (and not simply their attorneys and consultants) should be able to view in pursuit of their legal claims in this case.  The effect of the AEO designation, Plaintiffs contend, is that they are barred from reviewing documents that could help them assess and/or establish their legal claims.  (Pls.' Mot. 4, ECF No. 153.)  Plaintiffs also point out that a variety of documents similar to those designated AEO here were produced earlier in this case as "Confidential" documents subject to the protective order but *not* designated AEO:

> In a prior production, Prosper produced (albeit grudging and reluctantly) the financial books and records of Big Research which showed only Big Research's side of the transactions.  These documents were marked "Confidential."  However, in those records, there were numerous transactions wherein Prosper and/or a Prosper entity (Prosper Technology and/or Prosper International) invoiced Big Research for fees or costs.
>
> In contrast, Defendants produced new documents, particularly in the most recent production, all under the designation of "Attorneys Eyes Only". [*sic*]  This in effect acts as a bar to allowing Plaintiffs to review the documents to determine whether Prosper has breached its fiduciary duties, usurped corporate opportunities and taken vendors and employees in contravention of their contractual agreement with Big Research.

(*Id.* at 3-4.)

Plaintiffs argue that there is no reason for this "contrast" in the treatment of the financial books and record marked "Confidential" versus the most recent documents marked AEO.

In response, Prosper argues that "serious harm" will befall it without the documents being granted AEO protection.  First, Prosper points to history: it says "Penn cannot be trusted" to maintain confidentiality of financial records in light of an incident involving former Big Research board member Steve Denari.  In 2010, Denari, who was formerly Penn's designee on

4

the Big Research board, sued Prosper (along with Drenik and Rist) and attached to his complaint a confidential "financial recap" document. (Def.'s Memo. Contra 3, ECF No. 159.) Prosper argues that this "history" of Penn disclosing financial records "to the public at large" justifies the AEO protection that Prosper insists upon for the documents at issue here.

Second, Prosper argues that its business reputation depends upon the AEO designation being maintained here. Because maintaining clients' proprietary information is "of the highest priority" in the research community, Prosper argues it cannot afford to risk its methods, procedures, and custom client work coming into the hands of a competitor. (*Id.* at 3-4.)

Apart from the "harm" it argues it will suffer if this Court grants Plaintiffs' requested relief, Prosper further contends that it has properly designated the challenged documents as AEO in light of their content. Prosper argues that the AEO-designated records are "trade secrets" within the meaning of Ohio Rev. Code § 1333.61(D). Specifically, Prosper notes that it has produced as AEO material the "complete financial records" of Consumer Research Partners ("CRP") from 2010 and 2011. (Def.'s Opp. 5, ECF No. 159.)[1] Prosper also posits that lifting the AEO designation is futile and unnecessary anyway because Penn "lacks the ability to interpret any meaning" from the financial records and that Penn's third-party consultant (Rebekah Smith) has, in any event, already performed the "side-by-side comparison" of Big Research's and CRP's clients, employees, and vendors that Plaintiffs claim is necessary. (*Id.* at 6.) Finally, Prosper bangs the drum of righteous indignation, insisting that Penn should be "held" to the Agreed Protective Order's terms, which "clearly informed Penn" that (1) Penn and its corporate counsel would not have access to AEO material and (2) Prosper would only designate Prosper's financial records and privileged communications as AEO. (*Id.* at 7.)

---

[1] For their part, Plaintiffs contend that CRP is a mere continuation of Big Research. (Pls.' Mot. 3, ECF No. 153.) Plaintiffs theorize that Defendants formed and used CRP to take business, assets, clients, and opportunities away from Big Research. (Pls.' Reply 3, ECF No. 163.)

## II.  Discussion

An AEO designation is "the most restrictive possible protective order," as it confines dissemination of discovery materials only to the opposing party's attorneys and other consultants/experts specified in the agreement.  *See Waite, Schneider, Bayless & Chesley Co., LPA v. Davis*, No. 1:11-cv-0851, 2012 U.S. Dist. LEXIS 117634, at \*14 (S.D. Ohio Aug. 21, 2012).  A party seeking this designation must describe the alleged harm it will suffer from any disclosure " 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"  *Id.*  (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)).  "In the business context, such a showing requires 'specific demonstrations of fact, supported where possible by affidavits and concrete examples.'"  *Id.* at \*14-15 (quoting *Deford v. Schmid Prod. Co.*, 120 F.R.D. 648, 653 (D. Md.1987)).

Prosper has not convinced the Court that the "most restrictive possible protective order" of an AEO designation is appropriate for the documents challenged by Plaintiffs.  As to Prosper's argument that Plaintiff Penn "cannot be trusted" to keep documents confidential in light of the previous disclosure of a 2008 Big Research financial recap by Denari in an unrelated lawsuit, the Court fails to see how this justifies an AEO designation over the documents at issue here.  Though Prosper contends that Denari was Penn's CEO and member of Big Research's Board, evidence in the record indicates that Penn removed Denari from the Big Research Board and that Denari was no longer affiliated with either Big Research or Penn long before Denari filed the lawsuit of which Prosper complains.  In short, it was *Denari*, not *Penn*, who disclosed the Big Research financial recap.  Moreover, Prosper fails to explain why *Prosper* is entitled to AEO protection over a *Big Research* document in the first place.

Nor is the Court convinced that Prosper has otherwise demonstrated that actual harm would result from something less than AEO protection over the documents in question. While the Court accepts the notion that the documents are properly deemed "Confidential" under the terms of the parties Agreed Protective Order, Prosper does not articulate a reasoned basis for insisting upon the added AEO protection. While Prosper contends that its customers demand protection of their proprietary information, Prosper fails to establish how an AEO designation is necessary to abide by Prosper's obligation to its clients. Penn is bound by the Agreed Protective Order for any documents deemed "Confidential," thereby protecting Prosper against the fear that its customers' proprietary information would be disclosed to the public. Prosper has not set forth a convincing case why this protection is not enough.

As for the notion that the documents produced to Penn contain "trade secrets," this argument by Prosper likewise fails to justify the AEO designation. The mere presence of "trade secrets" does not automatically entitle the producing party to an AEO protective order. The burden remains on the producing party to show that AEO protection is warranted. *See Waite, Schneider*, *Bayless & Chesley*, 2012 U.S. Dist. LEXIS 117634, at *14; *see also Caldon, Inc. v. Advanced Measurement & Analysis Group, Inc.*, No. 04-1951, 2007 U.S. Dist. LEXIS 94506, at *6 (W.D. Pa. Dec. 27, 2007). Even if the Court accepts as true the fact that certain documents contain "trade secrets," it remains Prosper's burden to show why the documents should be designated AEO. Absent some demonstration as to why designating the documents as "Confidential" does not suffice to protect Prosper's interest in confidentiality, the Court sees no reason why the documents in question should be categorically shielded from Plaintiffs' view.

Prosper's remaining arguments are likewise unavailing. The argument that Penn "lacks the ability to interpret any meaning" from the documents has nothing to do with whether the

7

documents should be designated AEO.  Nor is the fact that Plaintiffs' consultant (Rebekah Smith) may have "already performed such tasks" as comparing side-by-side the documents of Big Research and CRP (*i.e.*, a comparison that Penn argues is necessary) a justification for designating the documents AEO.  Plaintiffs are entitled to view these documents in consultation with their counsel and Ms. Smith in order to, among other things, assist with the preparation of their case.[2]

Finally, Prosper's argument that Penn should be "held to a [protective order's] negotiated terms" does not justify the AEO designation over the documents in question.  The terms of the protective order also allow a party to challenge the AEO designation over documents produced in discovery.  Plaintiffs are therefore pursuing relief that the Agreed Protective Order expressly contemplates: they are seeking to lift an AEO designation with which they disagree.

### III.  Conclusion

For the foregoing reasons, Plaintiffs' motion to lift the AEO designation on certain documents (ECF No. 153) is **GRANTED**.   The AEO designation is lifted as to the following documents as identified in Plaintiffs' Motion:  PB 010826, PB 010891, PB 010907, PB 033216-033446, PB 034085-034094, PB 034472-039580, BAX 000001-000078, CRP 000001-000033, and JEA 000001-000007.

---

[2] Also, it is not lost on the Court that Defendants are seeking to exclude Smith from testifying at trial. (Defs.' Mot. to Exclude, ECF No. 165.) Thus, if Defendants succeed on that motion, Plaintiffs would be put in a situation where their consultant can view the documents, but can neither testify nor discuss them with Plaintiffs.

Though the AEO designation is hereby lifted, these documents remain "Confidential" under the terms of the Agreed Protective Order.

**IT IS SO ORDERED**.

>	/s/ Gregory L. Frost
>	**GREGORY L. FROST**
>	**UNITED STATES DISTRICT JUDGE**