UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PENN, LLC, et al.,

    Plaintiffs,

  v.

PROSPER BUSINESS DEVELOPMENT
CORPORATION, et al.,

    Defendants.

Case No. 2:10-cv-0993
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiffs' Motion to Supplement the Record *Instanter* Based on New Evidence Adduced in Depositions that Big Research, LLC Has Not Dissolved (ECF No. 229) and Defendants' Memorandum in Opposition to the motion to supplement (ECF No. 233). Also before the Court is Defendants' motion for partial summary judgment on "Claims that Defendants Usurped Business Opportunities" (ECF No. 181), Plaintiffs' combined memorandum contra and Fed. R. Civ. P. 56(d) motion for extension (ECF No. 183), and Defendants' combined reply in support of partial summary judgment and opposition to Plaintiffs' Rule 56(d) motion (ECF No. 191). For the reasons stated below, the Court **DENIES** Plaintiffs' motion to supplement, **DENIES** Plaintiffs' Rule 56(d) motion, and **GRANTS** Defendants' motion for partial summary judgment.

**I. Background**

This case is only one action in a contentious commercial dispute involving a series of legal actions spanning several different courts. Plaintiff Penn, LLC ("Penn") filed this action on

1

behalf of itself and derivatively on behalf of Plaintiff Big Research, LLC ("Big Research"). Big Research is a Delaware limited liability company of which Penn and Defendant Prosper Business Development Corporation ("Prosper") were members. The motions currently before the Court stem from allegations that Defendants usurped business opportunities of Big Research for the benefit of Prosper.

Penn is a Delaware limited liability company with its principal place of business in Will County, Illinois. Prosper is an Ohio corporation based in Worthington, Ohio. In 2000 Penn and Prosper formed Big Research as a company in the business of conducting survey research.

At the time of formation, Penn and Prosper were equal owners with Prosper controlling the day-to-day activities of Big Research. The Operating Agreement called for the company to be governed by a Board of Members which consisted of two Prosper executives, Phillip Rist and Gary Drenik, and one representative from Penn. Subsequently, Big Research sold 5.22% of its membership units to outside investors to raise capital. This lowered Penn's and Prosper's membership interests to 47.39% each.

In 2004 Prosper and the outside investors, without the vote of Penn, passed several Board resolutions that underlie the contentions in the multiplicity of lawsuits between these parties. A detailed discussion of the resolutions and ensuing disputes can be found in this Court's Opinion and Order granting in part and denying in part Defendants' motion for partial summary judgment with regard to certain claims contained in the Complaint. (ECF No. 179.) The instant motions relate to later actions taken by the Board to dissolve the company after arbitration proceedings had commenced in response to the 2004 resolutions. The facts detailed below relate solely to the

vote and dissolution of Big Research.

Some time after the votes in 2004, Prosper purchased the membership interests of many of the outside investors, giving it a 50.71% interest in Big Research. Robert Kamerschen was the only remaining outside investor with a 1.9% interest. In November 2009 Kamerschen requested to withdraw as a member pursuant to Section 4.05 of the Operating Agreement. A majority of the Board approved, with Penn voting against. In December 2009, a majority of the Board, again with Penn voting against, voted to dissolve Big Research. Prosper began the winding up process pursuant to Section 10.02 of the Operating Agreement. Section 10.02 provides that "[i]n the event of the dissolution of the Company for any reason, the Management Company shall commence to wind up the affairs of the Company."

Penn filed suit in the Franklin County (Ohio) Court of Common Pleas to enjoin the dissolution and winding up of Big Research. *Penn, LLC v. Big Research, LLC*, No. 10-cv-2909 (Franklin Cty. C.P. Ct. filed Feb. 24, 2010). Big Research moved for partial summary judgment, asking the state court to determine whether the withdrawal of Kamerschen was a "dissolution event" under the Operating Agreement and whether Prosper was entitled to wind up Big Research. Penn ultimately withdrew its objection to the winding up.

In December 2011, the state court granted partial summary judgment in favor of Big Research. *Penn, LLC v. Big Research, LLC*, No. 10-cv-2909 (Franklin Cty. C.P. Ct. Dec. 12, 2011) (Decision and Judgment Entry). The court "declared that (1) the withdrawal of Kamerschen was a dissolution event; and (2) pursuant to the Big Research Operating Agreement, Prosper is entitled to wind-up [sic] Big Research." *Id.* Based on the state court judgment, this

3

Court found that the doctrine of claim preclusion barred Penn from challenging the validity of the 2009 dissolution. (Order & Op. of Feb. 8, 2013, ECF No. 179 at PAGEID # 6663-66.)

Penn filed this lawsuit while the state action was pending. Penn's complaint on behalf of itself and Big Research alleged (1) a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO); (2) fraud; (3) conversion/unjust enrichment; and (4) breach of fiduciary duties. The only claims that remain are those for conversion/unjust enrichment and breach of fiduciary duties as against Defendants Prosper, Rist, and Drenik.

## II. Discussion

### A. Motion to Supplement

At a status conference held on May 2, 2013, Plaintiffs orally moved for an order allowing them to supplement their response to Defendants' motion for partial summary judgment now before the Court. The Court denied Plaintiffs' motion to supplement. (ECF No. 203 at PAGEID# 9242.) Plaintiffs now reprise their motion in written form, but fail to change the opinion of this Court.

As this Court has explained on several occasions, for the purposes of the trial in this case, Big Research was dissolved in December 2009. Plaintiffs have been precluded from challenging the validity of the dissolution. (Order & Op. of Feb. 8, 2013, ECF No. 179 at PAGEID # 6663-66.) Therefore, this Court finds that Plaintiffs are not entitled to introduce evidence into the record to show that "Big Research LLC Has Not Dissolved." (Pls.' Mot., ECF No. 229.) As far as this Court is concerned, Big Research *has been dissolved*. The Court **DENIES** (again) Plaintiffs' motion to supplement.

4

### B. Partial Summary Judgment and Rule 56(d)

Defendants seek partial summary judgment on any claims alleging usurpation of a business opportunity arising after the 2009 dissolution of Big Research. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 202 (1986). There is no issue of material fact unless the evidence is sufficient to support a reasonable jury finding in favor of the nonmoving party. *Id.*

The burden is on the moving party to show that the opposing party has failed to establish an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992). If the moving party meets its burden, the party opposing summary judgment has the burden of bringing specific facts to the court's attention to show that a material issue for trial exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *see also* Fed. R. Civ. P. 56(c)(1).

The court is not required to search the record in order to determine if a genuine issue of material fact exists. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989); *Guarino*, 980 F.2d at 404; *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials…"). Accordingly, this Court will review the motions and record before it and determine whether the evidence is so one-sided that the moving party must prevail as a matter of

law.  *Anderson*, 477 U.S. at 252.

### 1. Plaintiffs' Rule 56(d) Motion

The Court first considers Plaintiffs' "Motion for Extension Pursuant to 56(d)."  (ECF No. 183.)  Fed. R. Civ. P. 56(d) provides that the court may defer consideration of a summary judgment motion if the non-movant "shows *by affidavit or declaration* that, *for specified reasons*, it cannot present facts essential to justify its opposition" (emphasis added).  The party seeking relief under Rule 56(d) has the burden of informing the court of its need for discovery.  *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996).  The Plaintiffs have failed to meet this burden.

In order to qualify for Rule 56(d) relief, the moving party must file an affidavit or declaration.  *Cooper v. Commercial Sav. Bank*, 2:12-cv-0825, 2013 WL 162776 *1 (S.D. Ohio Apr. 16, 2013) ("A necessary prerequisite to meeting this burden is submitting an *affidavit or declaration* to support the party's explanation[.]") (emphasis added).  Plaintiffs have filed no such document.  Though Plaintiffs state in their own motion that "Rule 56(d)…*requires only a sworn showing* that further discovery is needed and has been seasonably sought," Plaintiffs have made no such showing.  (Pls.' Opp'n and Mot. ECF No. 183 at PAGEID # 6711) (emphasis added).

Even if this Court were to look past the failure of Plaintiffs to comply with the basic requirements of Rule 56(d), Plaintiffs' motion would still fail.  This Court does not see how any fact beyond those already contained in the record could be relevant in responding to the motion for summary judgment.  As this Court already stated when it previously denied Plaintiffs' motion

6

to "supplement" the record, the motion at issue appears to rest largely on issues that are capable of determination as a matter of law based on the existing record. (ECF No. 203 at PAGEID # 9242.)

Plaintiffs have failed to sustain their burden of complying with the procedural requirements of Rule 56(d) and have made no showing that there is any relevant testimony that could be gained or what that evidence might be if it exists. The Court **DENIES** Plaintiffs' Rule 56(d) motion.

### 2. *Usurpation of Business Opportunity*

Having found that Plaintiffs are not entitled to an extension pursuant to Rule 56(d), it is appropriate for this Court to proceed to the merits of Defendants' motion. *Cf. Chilingirian v. Boris*, 882 F.2d 200, 203 (6th Cir. 1989); *Shavrnoch v. Clark Oil and Ref. Corp.*, 726 F.2d 291, 294 (6th Cir. 1984); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

Defendants move for partial summary judgment on all claims based on the usurpation of business opportunities occurring after the dissolution of Big Research in December 2009. (Defs.' Mot. ECF No. 181 at PAGEID # 6690.) Plaintiffs' claims rest on the theory that Defendants ultimately continued to operate Big Research under the name Consumer Research Partners ("Consumer"). (Pls.'s Opp'n ECF No. 183 at PAGEID # 6704.) Plaintiffs argue that Consumer "has the same customers, the same panel providers, the same software, the same employees, and the same methodology and technology" as Big Research. (*Id.*) Defendants argue that Plaintiffs cannot show that Big Research had an "interest or expectancy" in any business opportunities following dissolution and therefore Defendants cannot have usurped a

business opportunity. (Defs.' Mot. ECF No. 181 at PAGEID # 6690.)

### a. Standard

Delaware law provides the substantive law applicable to this case.[1] Delaware law describes the doctrine of corporate opportunity as "but one species of the broad fiduciary duties assumed by a corporate director or officer." *Broz v. Cellular Info. Sys., Inc.*, 673 A.2d 148, 154 (Del. 1996). "In light of the diverse and often competing obligations faced by directors and officers…the corporate opportunity doctrine arose as a means of defining the parameters of fiduciary duty in instances of potential conflict." *Id.*

In order to show usurpation of a business opportunity, Plaintiffs must establish that Defendants' actions violate the four-prong business opportunity test. They must show (1) Big Research was financially able to exploit the opportunity; (2) the opportunity was within Big Research's line of business; (3) Big Research had an interest or expectancy in the opportunity; and (4) by taking the opportunity for themselves, Defendants placed themselves in a position "inimical" to their duties owed to Big Research. *Id.* at 154-55.

Defendants contest only interest and expectancy (prong three). (Defs.' Mot. ECF No. 181 at PAGEID # 6690.) The Defendants argue that Big Research could not have had an interest or expectancy in any new opportunity arising after December 2009 because the business had

---

[1] The Court applies Delaware substantive law in accordance with the choice of law provision in the Operating Agreement which states "[a]ll questions with respect to the construction of this Agreement and the rights and liabilities of the parties shall be determined in accordance with the applicable provisions of the laws of the State of Delaware, and this Agreement is intended to be preformed in accordance with, and only to the extent permitted by, all applicable laws, ordinances, rules and regulations of such state." (Operating Agreement §12.02; Ex. A, ECF No. 119-3 at PAGEID # 3886.)

been dissolved and was in the process of winding up. Plaintiffs contend that whether a business opportunity has been usurped is a question of fact for the trier of fact and that the Defendants' actions are in express violation of the Operating Agreement. (Pls.' Opp'n ECF No. 183 at PAGEID # 6705-06, 09-11.)

### b. Interest and Expectancy

This Court has precluded Plaintiffs from pressing claims on the validity of the 2009 dissolution of Big Research. (Order & Op. of Feb. 8, 2013, ECF No. 179 at PAGEID # 6663-66.) Recognizing Big Research as dissolved in December 2009, Plaintiffs' claims fail as a matter of law. Plaintiffs cannot establish an interest or expectancy because the business was not legally able to take advantage of any new opportunities.

The Big Research Operating Agreement provides that once the company has been dissolved, the managing company will wind down the affairs of the business and liquidate the assets and investments. (Operating Agreement §10.02, Ex. A, ECF No. 119-3 at PAGEID # 3884.) Once Big Research was dissolved in 2009, the business had to enter the process of winding up its affairs. Pursuant to Delaware limited liability company laws, the persons winding up the company have the right to "prosecute and defend suits, whether civil, criminal or administrative, gradually settle and close the limited liability company's business, dispose of and convey the limited liability company's property, discharge or make reasonable provision for the limited liability company's liabilities, and distribute to the members any remaining assets of the limited liability company." 6 Del. C. §18-803(b). Prosper did not have the authority, under Delaware law, to take on new obligations on behalf of Big Research. Doing so would be

inconsistent with the process of winding up the business and affairs of the company. An action the company cannot lawfully take cannot give rise to an interest or expectancy within the meaning of the business opportunity test.

At least one Delaware court has found that even when a former fiduciary starts a "new business" after the termination of the previous business, no claim for breach of fiduciary duty can withstand the termination of the former entity. *Williams v. Don Yerkes Fine Cars, Inc.*, 4 Del. J. Corp. L. 552, 560-61, No. 4777, 1977 WL 2582 (Del. Ch. 1977). The court in *Williams* held that there was no usurpation of business opportunity even when "[defendants] formed a new business arrangement, obtained a new lease, and continued a [similar] business at the same location" because at the time the act occurred the former business was "without means" to continue the business or engage in new business. *Id.*

The facts of *Williams* are analogous to the case at bar. Prosper had the right to continue in the same line of business. Big Research was not in the position, legally or realistically, to take advantage of any new business after its dissolution. Big Research could not take advantage of any opportunities and, as a result, it could not have had an interest or expectancy in such opportunities.

Furthermore, under Delaware law the fiduciary duties of the parties in respect to usurpation end when the entity ends. In *Donisi v. DeCampli*, the chancery court found that the fiduciary duties owed by the parties to a joint venture terminate with the end of the relationship. No. 9425, 1995 WL 398536 at *9 (Del. Ch. June 28, 1995) *amended by* No. CIV. A. 9425, 1996 WL 39680 (Del. Ch. Jan. 23, 1996). The court refused to "entertain a legal fiction and create

10

abstract duties and speculate about breaches and consequential damages where the parties knew then and must know now their business relationship terminated that fateful day." *Id.* The court found that the only continuing purpose of the business past "that fateful day" was to wind up its affairs. *Id.* The parties here "knew then and must know now" that the business has been dissolved and the only remaining duty is the winding up. The fiduciary duties of the parties terminated upon the dissolution of Big Research in December 2009. *See also Gen. Video Corp. v. Kertesz*, C.A. No. 1922-VCL, 2008 WL 5247120 at *18 (Del. Ch. Dec. 17, 2008) ("[I]t is the overwhelming conclusion of this court that as of March 15, 2003, both parties knew and understood that their venture…was at an end. Thus, any claims for breach of fiduciary duty…predicated on acts after March 15, 2003 must fail.").

Penn is unable to show any case law that disputes these propositions. It would be inconsistent with Delaware law to recognize claims for usurpation of a business opportunity past the date of the entity's termination. The law provides that (1) an entity that has ceased to exist cannot have an interest and expectancy in an opportunity and therefore fails prong three of the business opportunity test; and (2) the fiduciary duty not to usurp a business opportunity terminates with the entity. Prosper cannot, as a matter of law, have usurped any business opportunity of Big Research arising after dissolution of the business in December 2009.

Plaintiffs' argument that this is a factual question to be determined by the legal standard of "entire fairness" is misguided and not relevant to the determination at hand. Entire fairness is a burden shifting doctrine which places the evidentiary burden on the defense to prove the transaction was entirely fair. *Schreiber v. Bryan*, 396 A.2d 512, 519 (Del. Ch. 1978). The

doctrine is inapplicable in this case.  In order to invoke the entire fairness standard and shift the burden to the Defendants, the Plaintiffs must first prove that a transaction occurred which can give rise to liability.  The Plaintiffs' claims for usurpation of a business opportunity after the December 2009 dissolution are unable to overcome this first hurdle because Defendants cannot usurp the opportunities of a dissolved entity as a matter of law.  Thus, no transaction giving rise to liability has occurred as a matter of law and the entire fairness standard is inapplicable.

### c.  Operating Agreement Section 4.08

Penn claims that Prosper has also usurped business opportunities under Section 4.08 of the Operating Agreement.  (Pls.' Opp'n ECF No. 183 at PAGEID # 6709-11.)  Section 4.08 provides that "[m]embers shall not, either during the term of this agreement or for a period of two (2) years after the termination or expiration of this Agreement, directly or in concert with any other person or entity, or indirectly: (1) circumvent or interfere with any of the Company's business relationships…"  (Defs.' Mot. ECF No. 181 at PAGEID # 6697.)  Plaintiffs' claims under Section 4.08 of the Operating Agreement must fail for the same reasons as stated above.  *See* Section III. B. 2. *supra*.

The Operating Agreement, by its own terms, only precludes the parties from interfering with "the Company's business relationships."  Big Research, as a company, no longer has any business relationships that Prosper can "circumvent."  Big Research has been dissolved and must be wound up.  The only valid purpose for its business connections is completing work in progress and settling the affairs of the company.  Prosper can hardly be "circumventing" that purpose since it is the one in charge of the winding up.  Prosper's actions of referring

relationships to another business or even taking those relationships for itself cannot interfere with the business of Big Research because Big Research can no longer engage in new business going forward.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Supplement (ECF No. 229), **DENIES** Plaintiffs' Rule 56(d) motion for extension (ECF No. 183), and **GRANTS** Defendants' motion for partial summary judgment on claims of usurpation of business opportunities arising after the dissolution of Big Research in December 2009 (ECF No. 181).

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE