**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PENN, LLC, et al.,**

       **Plaintiffs,**                **Case No. 2:10-cv-993**
                                    **JUDGE GREGORY L. FROST**

   **v.**

**PROSPER BUSINESS DEVELOPMENT**
**CORPORATION, et al.,**

       **Defendants.**

**FINAL INSTRUCTIONS TO THE JURY**

1

## TABLE OF CONTENTS

PROVINCE OF THE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PROVINCE OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

DUTIES OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ALL PERSONS EQUAL BEFORE THE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

OFFICERS AND EMPLOYEES SPEAK FOR THE CORPORATION . . . . . . . . . . . . . . . . . . 9

EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

NOTETAKING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

EXPERIMENTS, RESEARCH AND INVESTIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

OUTSIDE COMMUNICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

NUMBER OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

DEPOSITION TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

IMPEACHMENT OF A WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

ATTORNEY WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED . . . . . . . . 21

NUMBER OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

ATTORNEYS' OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

BURDEN OF PROOF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

PREPONDERANCE OF THE EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

SUMMARY OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

PREVIOUS RULINGS BY THIS COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

MEASURE OF DAMAGES FOR PLAINTIFF'S CLAIMS  . . . . . . . . . . . . . . . . . . . . . . . . . 29

ELEMENTS OF PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY  . . . . . . . . 31

FIDUCIARY DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY-
        SHIFTING BURDEN  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

DEFENDANTS' GOOD FAITH RELIANCE ON THE OPERATING AGREEMENT . . . . . . 34

PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY-
        PROXIMATE CAUSE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY-
        COMPENSATORY DAMAGES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY-
        EFFECT OF STATUTE OF LIMITATIONS ON DAMAGES  . . . . . . . . . . . . . . . . . . 37

DEFENDANTS' COUNTERCLAIM FOR ABUSE OF PROCESS -
        ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

DEFENDANTS' COUNTERCLAIM FOR ABUSE OF PROCESS-
        PROXIMATE CAUSE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

DEFENDANTS' COUNTERCLAIM FOR ABUSE OF PROCESS-
        COMPENSATORY DAMAGES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

DEFENDANTS' COUNTERCLAIM FOR ABUSE OF PROCESS-
        PUNITIVE DAMAGES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

DEFENDANTS' COUNTERCLAIM FOR ABUSE OF PROCESS-
        ATTORNEYS FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

EFFECT OF INSTRUCTIONS AS TO DAMAGES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

SYMPATHY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

DUTY IN DELIBERATING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

INTERROGATORIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

RECOMMENDED ANSWERS TO INTERROGATORIES  . . . . . . . . . . . . . . . . . . . . . . . . . 51

VERDICT FORMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

SELECTION OF FOREPERSON, COMMUNICATION WITH THE COURT, AND
      PROCEDURE AFTER ARRIVING AT VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

WRITTEN INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

OBJECTIONS TO INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

## PROVINCE OF THE COURT

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, the time has come to instruct you as to the law governing the case.

Although you as jurors are the sole judges of the facts, you are duty bound to follow the law as stated in the instructions of the Court and to apply the law to the facts as you find them from the evidence before you.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any rule of law.  Regardless of any opinion that you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court.

## PROVINCE OF THE JURY

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias, prejudice, or sympathy as to any party.  Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.  The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

## **DUTIES OF THE JURY**

Counsel may have referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are, of course, to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as any indication that I have any opinion about the facts of the case or what that opinion is.  It is not my function to determine the facts, but rather your function.

## ALL PERSONS EQUAL BEFORE THE LAW

Penn, LLC and Big Research, LLC are limited liability companies.  Prosper Business Development Corporation is a corporation.  Limited liability companies and corporations are entitled to the same impartial treatment by you as is any individual.  Under our system of justice all parties, including limited liability companies and corporations, stand equal before the law and are to be treated as equals.

## OFFICERS AND EMPLOYEES SPEAK FOR THE COMPANIES AND THE CORPORATION

The law views a limited liability company and a corporation as persons that speak and act through their officers and employees.  During the presentation of the evidence, you heard officers of the limited liability companies and the corporation testify about things they did or said in the course of carrying out their jobs for those entities.  Those things that they said and did constitute actions and words of the limited liability companies and the corporation.  When an officer or an employee acts or speaks in the ordinary course of his or her duties, the employer will be bound by those actions or words and may be held responsible for them.

When a limited liability company or a corporation has given one of its officers or employees a title or a defined area of knowledge or expertise within which he or she is to carry out duties, then when that officer or employee is acting in that capacity in a particular instance, the limited liability company or the corporation is deemed to be acting in that instance with the same knowledge and expertise as is possessed by that officer or employee.

## EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses and all the exhibits that have been received in evidence.

The evidence does not include any statement of counsel made during the trial, unless such statement was an admission or agreement admitting certain facts.  The opening statements and the closing arguments of counsel are designed to assist you.  They are not evidence.

You are to consider only the evidence in the case.  However, you are not limited to the mere statements of the witnesses, but you are permitted to draw, from the facts that you find have been proved, such reasonable inferences as seem justified in the light of your own experience.  That is to say, from the facts that have been proved, you may draw an inference based upon reason and common sense.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you as jurors may properly consider in reaching a verdict.  They are known as direct evidence and circumstantial evidence.

Direct evidence is where a witness testifies as to what he or she saw, heard, or observed. In other words, when a witness testifies about what is known to the witness as personal knowledge by virtue of his or her own senses – what he or she sees or hears – that is called direct evidence.  For example, as I told you in the preliminary instructions at the beginning of the trial, if a witness testified that she saw it raining outside and you believe her, that would be direct evidence that it was raining.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  You infer on the bases of reason, experience, and common sense from an established fact, the existence or the nonexistence of some other fact.  For example, again, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. Circumstantial evidence has the same value as direct evidence.

To infer, or to make an inference, is to reach a reasonable conclusion of fact that you may but are not required to make from other facts that you find have been established by direct evidence.  Whether an inference is made rests entirely with you.

## NOTETAKING

During this trial, I permitted you to take notes.  Of course, you were not obligated to take notes.  If you did not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Frequently, there is a tendency to attach too much importance to what a person writes down.  Some testimony that was considered unimportant at the time presented, and thus not written down, may have taken on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Your memory should be your greatest asset when deciding this case.

## **EXPERIMENTS, RESEARCH, AND INVESTIGATION**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

Do not conduct any experiments inside or outside the jury room.  Do not bring any books, such as a dictionary, or anything else with you to help you with your deliberations.  Do not conduct any independent research, reading, or investigation about the case.  And do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in court.

## OUTSIDE COMMUNICATION

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, computer, the Internet, any internet service, any text or instant messaging service, any internet chat room, blogs, or websites such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. You must inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anyone known only by you and not your fellow jurors or the parties in this case. This would unfairly and adversely impact the judicial process.

14

## <u>NUMBER OF WITNESSES</u>

Sometimes jurors wonder whether the number of witnesses who testified makes any difference.  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were and how much weight you think their testimony deserves.  Concentrate on that, not on the numbers.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide whether the testimony of a witness was believable and how much weight you think it deserves.  You are free to believe everything that a witness said, only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating the testimony of each witness.

Ask yourself whether the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the memory of the witness seemed to be.  Did the witness seem able to accurately remember what happened?

Ask yourself whether there was anything else that may have interfered with the ability of the witness to perceive or remember the events.

Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

Ask yourself whether the witness had any relationship to Plaintiff or Defendants, or anything to gain or lose from the case, that might influence the witness's testimony.

Ask yourself whether the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself whether the witness testified inconsistently while on the witness stand, or whether the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself whether this makes the testimony of the witness less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important or about some unimportant detail.  Ask yourself whether it seemed like an innocent mistake or whether it seemed deliberate.

And ask yourself how believable the testimony of the witness was in light of all the other evidence.  Was the testimony of the witness supported or contradicted by other evidence that you found believable?  If you believe that other evidence contradicted the testimony of a witness, remember that people sometimes forget things and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the believability of the witness.  Use your common sense and your everyday experiences in dealing with other people.  In your daily life, you are constantly determining who is worthy of belief and who is not.  Employ the same tests in determining the weight and credibility, if any, you will assign to the testimony of each witness.

## DEPOSITION TESTIMONY

Some testimony was presented to you by a deposition.  This evidence is to be given equal weight and be considered by you according to the same tests that are applied to witnesses who appeared here in this Court during the trial.

## IMPEACHMENT OF A WITNESS

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown to have knowingly testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars, and you may reject all the testimony of that witness or give it such credibility as you think it deserves.

## **ATTORNEY WITNESS**

In this case, you have heard the testimony of Prosper Business Development Corporation's counsel, James Arnold.  You are instructed to not give Mr. Arnold's testimony any greater or lesser weight than any other witness.

As with any witness, it is your decision, after reviewing all the evidence , whether to accept the testimony of the attorney and to give that testimony whatsoever weight you find it deserves.

20

## ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## **NUMBER OF EXHIBITS**

A number of exhibits and testimony related to them have been introduced.  You will determine what weight, if any, the exhibits should receive in light of all the evidence.

As indicated earlier, you must consider, among other things, all exhibits received in evidence regardless of who may have produced them.

You are to attach no significance whatsoever to the fact that a given item of evidence has been admitted as Plaintiff's exhibit as opposed to Defendants' exhibit.  Conversely, you are to attach no significance whatsoever to the fact that a given item of evidence has been admitted  as Defendants' exhibit as opposed to Plaintiff's exhibit.

22

## ATTORNEYS'  OBJECTIONS

The attorneys for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The attorneys have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decisions must be based only on the evidence that you saw and heard here in court.

23

## **BURDEN OF PROOF**

In this civil action, the burden is on Plaintiff to prove every essential element of its breach of fiduciary duty claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, you must find in favor of Defendants on that claim.

Conversely, each of the three Defendants has the burden to prove its or his abuse of process claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of any of Defendants' claims by a preponderance of the evidence, you must find in favor of Plaintiff on that claim or claims.

## PREPONDERANCE OF THE EVIDENCE

Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it.  A preponderance means evidence that is more probable, more persuasive, or of greater probative value.  It is the quality of the evidence that must be weighed.  Quality may or may not be identical with quantity.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence, regardless of who produced it.

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, then the party, who has the burden of proof on its or his claim or claims has not established such issue by a preponderance of the evidence.

## SUMMARY OF THE CASE

I will first outline the claims of each party and then I will explain some of the legal issues that you will be dealing with in reaching your verdicts.

Plaintiff, Penn, LLC, has filed on its behalf and on behalf of Big Research, LLC, has one claim before you.  The claim is filed against all three Defendants, Prosper Business Development Corporation, Phil Rist, and Gary Drenik.  That claim alleges breach of fiduciary duty.

Plaintiff alleges in its cause of action that all three Defendants breached the fiduciary duties that they owed to Plaintiff and Big Research, LLC.  Plaintiff claims compensatory damages as a result of Defendants' conduct.  All three Defendants deny that they breached any fiduciary duties owed to Plaintiff or Big Research, LLC.

Defendant, Prosper Business Development Corporation, has a counterclaim against Plaintiff alleging Plaintiff abused the process by filing the complaint in this matter for an ulterior and improper motive.  Defendant, Prosper Business Development Corporation, claims compensatory damages, punitive damages, and attorney fees.  Plaintiff denies the claim of abuse of process.

Defendants Phil Rist and Gary Drenik have filed counterclaims against Plaintiff alleging an abuse of process cause of action.  Defendants Phil Rist and Gary Drenik claim that Plaintiff filed the complaint in this matter for an ulterior and improper motive.  Defendants, Phil Rist and Gary Drenik, claim compensatory damages, punitive damages, and attorneys fees.  Plaintiff again denies the claim of abuse of process.

That summarizes the claims of each party.  Now, let me explain some legal issues that

26

you may be applying when deciding the issues in this matter.

First, you will note that Plaintiff has filed a claim for breach of fiduciary duties against all three Defendants.  You may find that one Defendant, two Defendants, or all three Defendants breached a fiduciary duty owed to Plaintiff or Big Research, LLC.  However, you may not award to Plaintiff double compensatory damages.  In other words, you must decide what the total amount of compensatory damages Plaintiff suffered, if any, and allocate those damages among the Defendant or Defendants you find proximately caused those damages.

Second, each of the Defendants filed a separate claim for abuse of process against Plaintiff.  You must decide as to each Defendant whether that Defendant proved by a preponderance of the evidence it or his claim and award only to that Defendant an amount of money that you find would reasonably compensate that Defendant for that Defendant's damage.

## PREVIOUS RULINGS BY THIS COURT

You have heard testimony and seen evidence in this case regarding the dissolution of Big Research, LLC, which occurred in December 2009.  You have also heard testimony and seen evidence in this case concerning the fact that Defendant Prosper Business Development Corporation created an entity called Consumer Research Partners and that Consumer Research Partners engaged in the same or similar business to that in which Big Research LLC was engaged before the dissolution of Big Research, LLC.  You have also heard testimony and seen evidence that Consumer Research Partners provided services to the same clients that Big Research, LLC had before the dissolution of Big Research, LLC.

Before the trial began in this case, the Court ruled that the dissolution of Big Research, LLC was proper under the terms of the Big Research, LLC Operating Agreement.  Therefore, the question of whether the dissolution of Big Research, LLC was proper is not before you.  You are not permitted to find that the dissolution of Big Research, LLC was a breach of fiduciary duty.

The Court also ruled that it was not unlawful for Consumer Research Partners to engage in the same business as Big Research, LLC following the dissolution of Big Research, LLC. Therefore the question of whether Consumer Research Partners' engagement in the same business as Big Research, LLC was proper is not before you.  You are not permitted to find that Consumer Research Partners' engagement in the same or similar business as Big Research, LLC was a breach of Defendants' fiduciary duties, regardless of whether Consumer Research Partners provided services to the same clients that Big Research, LLC serviced before the dissolution of Big Research, LLC.

28

## MEASURE OF DAMAGES FOR PLAINTIFF'S CLAIMS

You have heard testimony and seen evidence in this case concerning the value of Big Research, LLC as "a going concern," meaning the value of Big Research, LLC as a continuing business.  The Court allowed testimony and evidence on the "going concern" value of Big Research, LLC as being relevant to the issue of the damages, if any, for breach of fiduciary duty.

Section 10.02 of the Big Research, LLC Operating Agreement states:

SECTION 10.02.  Winding-Up.  In the event of the dissolution of the Company for any reason, the Management Company shall commence to wind up the affairs of the Company and to liquidate its investments in an orderly manner.  The Members shall continue to share profits and losses during the period of liquidation in the same proportion as before the dissolution.  The Management Company shall have full right and unlimited discretion to determine the time, manner and terms of any sale or sales of Company assets pursuant to such liquidation having due regard to the activity and condition of the relevant market and general financial and economic conditions.

Defendants were under no obligation to sell Big Research, LLC as a "going concern" prior to dissolution of Big Research, LLC or during the process of winding up Big Research, LLC following dissolution in December 2009.  In other words, Defendants had the sole discretion to decide not to sell big Research, LLC as a going concern and instead decide to liquidate Big Research, LLC's assets and otherwise wind up the affairs of Big Research, LLC in a different way.  You are not permitted to decide that the decision not to sell Big Research, LLC as a "going concern" was a breach of fiduciary duty by Defendants.  You are to consider the evidence and testimony concerning the value of Big Research, LLC as a "going concern" solely in relation to the issue of the proper valuation of assets on the breach of fiduciary duty claim.

Now, let me explain the law that applies to each claim of each party.

## ELEMENTS OF PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY

Plaintiff claims that the Defendants, Prosper Business Development Corporation, Phil Rist, and Gary Drenik, breached fiduciary duties owed to Penn, LLC and Big Research, LLC.

Under the law, in the absence of a contrary provision in an operating agreement, company managers and controlling members owe traditional fiduciary duties of loyalty and care to the members of the company and to the company.  To prove a claim for breach of fiduciary duty against a Defendant, Plaintiff must prove by a preponderance of the evidence that:

1.      A fiduciary duty existed;

2.      The Defendant or Defendants breached that duty; and

3.      Such actions caused damages to Plaintiff.

If you decide that Plaintiff has proved by a preponderance of the evidence all elements of this claim as to any particular Defendant or Defendants, then you must find for Plaintiff and against that Defendant or Defendants.  If you decide that Plaintiff has failed to prove by a preponderance of the evidence all of the elements of this claim as to a Defendant or the Defendants, then you must find for that Defendant or Defendants.

## **FIDUCIARY DUTIES**

Under Delaware law, in the absence of provisions in the operating agreement to the contrary, controlling members in a company owe minority members traditional fiduciary duties. These fiduciary duties include the duty of loyalty and the duty of care.  The duty of loyalty requires that the best interests of the company and its members take precedence over any interest possessed by a director, or officer, or controlling member that is not shared by the other members generally.  The duty of care requires directors and managers to make a good faith effort to be informed and exercise good judgment in running the company.  These fiduciary duties also include the duty not to cause the company to effect a transaction that would benefit the fiduciary at the expense of the minority members.

## PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY-SHIFTING BURDEN

Under the law, there is a presumption that Defendants acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company. This is called the "business judgment rule." Under the business judgment rule, the burden is on the Plaintiff to establish facts rebutting the presumption. If the business judgment rule is not rebutted, you are not to substitute your own judgment for that of Defendants so long as the actions of Defendants can be attributed to any rational business purpose.

The business judgment rule presumption can be rebutted if Plaintiff demonstrates that Defendant or Defendants engaged in "self-dealing," which occurs when a Defendant stands on both sides of a transaction. The burden of proof then shifts to the Defendant or Defendants to prove the "entire fairness" of the transaction, meaning that the transaction was not a breach of fiduciary duty.

Therefore, if you determine that Plaintiffs have sufficiently shown that a Defendant engaged in self-dealing, the burden of proof is on the Defendant or Defendants to prove that it or they did not breach its or their fiduciary duty.

## DEFENDANTS' GOOD FAITH RELIANCE
## ON THE OPERATING AGREEMENT

The law provides that Defendants are not liable for any breach of fiduciary duty if the actions they took were in good faith reliance of the Big Research, LLC Operating Agreement.  If you find that the actions alleged to be a breach of fiduciary duty were taken by Defendants in a good faith reliance in the Big Research, LLC Operating Agreement, you must find in favor of the Defendants as to this claim.

34

## PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY -
## PROXIMATE CAUSE

A party who seeks to recover for damages must prove not only that the other party breached a fiduciary duty but also that such breach of a fiduciary duty was a proximate or direct cause of damages.

Proximate or direct cause is an act or failure to act that in the natural and continuous sequence directly produced the damages and without which it would not have occurred.

## PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY- COMPENSATORY DAMAGES

If you find that Plaintiff proved by the greater weight of the evidence that a Defendant or Defendants breached a fiduciary duty owed to Plaintiff or Big Research, LLC, you will then decide by the greater weight of the evidence an amount of money that will reasonably compensate Plaintiff for the actual loss proximately and directly caused by the breach of the fiduciary duty.  If you find that Plaintiff failed to prove by the greater weight of the evidence that a Defendant or Defendants breached a fiduciary duty to Plaintiff or Big Research, LLC, you will not consider the issue of damages as it applies to the breach of fiduciary duty claim of Plaintiff.

In considering damages, you must decide the amount of damages proved by Plaintiff as the full, just, and reasonable compensation for the damages proximately caused by the breach of the fiduciary duty.  Compensatory damages may not be based on speculation or conjecture.

## PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY-
## EFFECT OF STATUTE OF LIMITATIONS ON DAMAGES

Plaintiff's claim of breach of fiduciary duty is governed by Delaware law. Under Delaware law, the statute of limitations for breach of fiduciary duty is three years. Plaintiffs filed the Complaint in this lawsuit on November 5, 2010. Therefore, based on the three year statute of limitations, Plaintiff may not recover damages for any alleged breach of fiduciary duty that occurred before November 5, 2007.

The parties have presented evidence and testimony concerning acts that occurred before November 5, 2007. You may not, however, award damages, for any act taking place before November 5, 2007. You may award damages for a breach of fiduciary duty, if any, only for acts that occurred on or after November 5, 2007.

## DEFENDANTS' COUNTERCLAIM FOR ABUSE OF PROCESS - ELEMENTS

All three Defendants have asserted that Plaintiff engaged in an abuse of process.  Abuse of process is the use of a properly initiated lawsuit to achieve a result that the court does not have the authority to order.  Defendants contend that Penn's filing and prosecution of this lawsuit was an abuse of process.

In order to find for a Defendant or the Defendants on their abuse of process counterclaim, you must find that a Defendant or the Defendants proved by a preponderance of the evidence that:

    1.     Plaintiff began this lawsuit in proper form and with probable cause;

    2.     Plaintiff perverted this lawsuit to attempt to accomplish an ulterior purpose for which it was not designed; and

    3.     A Defendant or the Defendants have been directly damaged as a result.

For purposes of this trial, the parties agree and stipulate that Plaintiff began this lawsuit in proper form and with probable cause.  The parties disagree, however, whether Plaintiff brought this lawsuit in order to accomplish an ulterior purpose and whether Defendants have been directly damaged as a result.

An "ulterior purpose" means the lawsuit was instituted as a form of coercion to obtain a result not properly involved in the lawsuit itself.  In other words, the lawsuit was used as a threat.

If you decide that a Defendant or Defendants proved by a preponderance of the evidence

all the elements of their abuse of process counterclaim or counterclaims then you must find for that Defendant or Defendants on the counterclaim or counterclaims.  If you decide that a Defendant or the Defendants have failed to prove by a preponderance of the evidence all of the elements of the counterclaim or counterclaims, then you must find for the Plaintiff, and against that Defendant or those Defendants.

### DEFENDANTS' COUNTERCLAIM FOR ABUSE OF PROCESS-
### PROXIMATE CAUSE

A party who seeks to recover for damages must prove not only that the other party committed an abuse of process but also that such abuse of process was a proximate or direct cause of damages.

Proximate or direct cause is an act or failure to act that in the natural and continuous sequence directly produced the damages and without which it would not have occurred.

## DEFENDANTS' COUNTERCLAIM FOR ABUSE OF PROCESS-
## COMPENSATORY DAMAGES

If you find in favor of one or one or more Defendants on their abuse of process counterclaims, you must decide whether Defendants have proved by a preponderance of the evidence an amount of money that will reasonably compensate the Defendants for the actual loss proximately and directly caused by Plaintiff's abuse of process.

In deciding this amount, you will consider the Defendants' "economic loss" and "noneconomic loss," if any, proximately and directly caused by Plaintiff's abuse of process.

"Economic loss" means all expenditures incurred by a Defendant or Defendants as a result of the abuse of process, including the attorney fees, costs, and expenses incurred by the Defendant or Defendants in defending against the abuse of process.

"Noneconomic loss" means harm other than economic loss that resulted from the abuse of process, including, but not limited to mental anguish and any other intangible loss.

## DEFENDANTS' COUNTERCLAIM FOR ABUSE OF PROCESS-
## PUNITIVE DAMAGES

If you find that one or more of the Defendants is entitled to compensatory damages against Plaintiff for abuse of process, you must also consider whether you will separately award punitive damages.

Punitive damages may be awarded against Plaintiff as a punishment to discourage others from committing similar wrongful acts. You are not required to award punitive damages to a Defendant or Defendants, and you may not do so unless you find that the Defendants have met their burden of proving by clear and convincing evidence that Plaintiff acted with malice.

"Malice" means:

1.      a state of mind characterized by hatred, ill will, or a spirit of revenge; or

2.      a conscious disregard for the rights of another person that has a great probability of causing substantial harm.

"Substantial" means major or significant and not trifling or small.

"Clear and convincing" means that the evidence must produce in your minds a firm belief or conviction about the truth of the matter. It must be more than evidence that simply outweighs or overbalances the evidence opposed to it.

If you award punitive damages, the amount should be fair and reasonable under all the

facts and circumstances.  It should neither be excessive nor influenced by passion, sympathy, or prejudice.

## DEFENDANTS' COUNTERCLAIM FOR ABUSE OF PROCESS - ATTORNEYS FEES

If you decide that Plaintiff is liable for punitive damages, you must also decide whether Plaintiff is liable for the reasonable attorney fees of Defendant or Defendants in the prosecution of the abuse of process claim.  If you decide that Plaintiff is liable for attorney fees, the Court will determine the amount.

## EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you as to the proper measure of damages on the claim of Plaintiff and the claims of Defendants should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance in the event you should find in favor of Plaintiff or Defendants on their claims.

## SYMPATHY

Circumstances in this case may arouse sympathy for one party or the other.  Sympathy is a common human emotion.  The law does not expect you to be free of such normal reactions.  However, the law and your oath as jurors require you to disregard sympathy and not to permit it to influence your verdict.

You must not be influenced by any consideration of sympathy or prejudice.  It is your duty to weigh the evidence, to decide the disputed questions of fact, to apply the instructions of law to your findings, and to render your verdict accordingly.  Your duty as jurors is to arrive at a fair and just verdict.

## <u>DUTY IN DELIBERATING</u>

The Court cannot embody all the law in any single part of these instructions.  In considering one portion, you must consider it in light of and in harmony with all the instructions.

The Court has instructed you on all the law necessary for your deliberations.  Whether certain instructions are applicable may depend upon the conclusions you reach on the facts.  If you have an impression that the Court indicated how any disputed fact should be decided, you must put aside such impression because only you determine such matters.

You must not be influenced by any consideration of sympathy or prejudice.  It is your duty to weigh the evidence, to decide the disputed questions of fact, to apply these instructions to your findings, and to render your verdicts and answers to the interrogatories accordingly.  In fulfilling your duty as jurors, your efforts must be to arrive at fair and just verdicts.

It is your duty, as jurors, to confer with one another, and to deliberate with a view to reaching an agreement, if you can do so, without disturbing your individual judgment.  Each of you must decide this case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if you are convinced it is wrong.

However, do not surrender your honest conclusion as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

You are the judges--impartial triers of the facts. Your sole interest is to ascertain the truth from the evidence in the case. Do not take a firm position at the outset and then be too proud to change your position.

## <u>UNANIMOUS VERDICT</u>

The verdicts in this case must represent the considered judgment of all of the jurors.  In order to return a verdict, one way or the other, it is necessary that an unanimous verdict be reached.

It is also important that you deliberate fully and fairly on all of the issues in this case.  Do not rush to judgment because of outside concerns or time limitations.  Please give this case the deliberations it deserves without concern for any time because it is your duty to reach fair verdicts in this case.

## **<u>INTERROGATORIES</u>**

You will have with you in the jury room certain interrogatories or questions.  Please draw no inference from the manner in which I explain them to you.

The answer to each applicable interrogatory or question must represent the considered judgment of all the jurors.  In order to return the answers to the applicable interrogatories or questions, all of you must read and follow the instructions on each interrogatory.  The interrogatories or questions must be considered in the exact order in which they are numbered.

[READ INTERROGATORIES]

50

## <u>RECOMMENDED ANSWERS TO INTERROGATORIES</u>

Nothing that the Court has said in these instructions and nothing in the manner in which the interrogatories or questions have been prepared or explained to you is intended to suggest or convey in any way a result the Court thinks you should reach.

The answers to the applicable interrogatories or questions are the exclusive duty and responsibility of the jury.  I state to you categorically that the Court has no opinion as to the facts of this case, the liability or legal responsibility of any party, or the appropriateness of any answers to interrogatories or questions that you might return.

**<u>VERDICT FORMS</u>**

I will now read to you the verdict forms that you will use in reaching your decision.

[READ VERDICT FORMS]

Nothing said in these instructions and nothing in the verdict forms prepared for your convenience is to suggest or convey in any way the verdicts I think you should return.  What verdicts you return is your exclusive duty and responsibility as jurors.  The verdicts you return must be agreed upon by all the jurors.

Please note that in addition to the interrogatories that you are required to answer in accordance with your findings, you are also required to select the appropriate verdict forms and sign them.

## SELECTION OF FOREPERSON, COMMUNICATION WITH THE COURT, AND PROCEDURE AFTER ARRIVING AT VERDICT

Upon retiring, you should first select a foreperson. This person will help to guide your discussions in the jury room. If you need to communicate with me, once in the jury room, the foreperson should send a written message to me. However, do not tell me how you stand as to your verdicts. Whenever you have reached a verdict on each of the claims, sign the verdict form in ink. Once you have reached a verdict on all the claims, please advise the Court Security Officer. You will then be returned to the courtroom.

## <u>WRITTEN INSTRUCTIONS</u>

The written form of the instructions on the law I have just given you will be available to you in the jury room.  These instructions are contained in your three-ring binders.  You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at the verdicts.  You may not remove any one of the individual sheets from the binder.  These written instructions, which are in exactly the same language as I have given them to you verbally, represent the law that is applicable to the facts, as you find the facts to be.  There is a Table of Contents beginning on the first page of these instructions.  You may readily locate any particular instruction by referring to that list.

All of the exhibits that have been admitted into evidence will go to the jury room with you, together with the verdict forms and the interrogatories that I have discussed.

You should note that the Court cannot provide you with a transcript of the testimony of any witness.  You must rely on your collective memory when considering the testimony of any witness.

## <u>OBJECTIONS TO INSTRUCTIONS</u>

Does counsel have any objections to the jury instructions?